611 So.2d 709 (1992)
PHOENIX ASSURANCE COMPANY OF NEW YORK, Sun Insurance Company of New York
v.
SHELL OIL COMPANY, Brown & Roots, Inc., and River Parishes Maintenance Company.
No. 91-CA-1991.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1992.
*710 Huey Cotton, Philadelphia, PA, and Gary M. Zwain, Duplass, Witman & Zwain, Metairie, for plaintiffs.
Philip A. Franco, Martin A. Stern, Thomas J. Wyllie, Adams & Reese, New Orleans, for defendants.
Before BARRY, LOBRANO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiffs, the Subrogated Insurers of Quantum Chemical Corporation ("Insurers")[1] appeal the trial court's judgment granting defendant Shell Oil Company's ("Shell") motion for summary judgment. For the reasons that follow, we affirm.
The record reflects that Shell contracted with National Distillers and Chemical Corporation, now Quantum Chemical Corporation ("Quantum"), to sell and deliver to Quantum specified quantities of ethylene. On May 5, 1988 an explosion occurred at Shell's refinery in Norco, Louisiana in its catalytic cracking unit. As a result of the explosion, Shell was unable temporarily to provide to its customers, including Quantum, contracted for quantities of ethylene. Quantum was notified of the anticipated production shortfall by letter dated May 6, 1988. Allegedly, Quantum sustained some 14 million ($14,000,000.00) dollars in business interruption damages.
Investigation of the accident revealed that the explosion originated with the rupture of an 8-inch elbow pipe and that the rupture was the result of internal corrosion. According to citations from the U.S. Department of Labor issued on 10/27/88 in accordance with the Occupational Safety and Health Act of 1970 ("OSHA"), there were deficiencies in Shell's piping inspection program, engineering design, and use of protective equipment which caused or exacerbated the chance of injury from the accident.
The insurers brought this tort and breach of contract suit for consequential damages against Shell seeking recovery of the 14 million dollars they paid to Quantum under various policies of business interruption insurance.[2] Shell filed a motion for summary judgment seeking dismissal of the suit. Shell argued that the Insurers' consequential damages claim is barred by the limitation of the liability language of Section 16 of the Restatement Agreement ("contract") and barred by their failure to provide timely notice of the claim. In their opposition to the motion the Insurers asserted that Shell violated a condition precedent to the limitation of the liability clause and that the Section 16's 30-day notice requirement is void as a matter of law.
Following a hearing the trial court found in favor Shell granting the motion for summary judgment and dismissing the Insurers' claims. The Insurers appeal.
The issues in this case are whether Section 16, entitled "LiabilitiesClaims," of the contract excludes liability for consequential damages, and whether the notice requirement provision also contained in *711 Section 16 of the contract is void as a matter of law.
The disputed Section 16 of the Shell-Quantum contract provides as follows:
16. Liabilitiesclaims
Shell warrants that the Ethylene will meet only those specifications attached hereto as Exhibit "A". Shell also warrants that it will comply with all applicable governmental laws, ordinances, regulations, rules and orders, including those pertaining to Fair Labor Standards, Occupational Safety and Health, Equal Employment Opportunity, Listing of Job Vacancies and Utilization of Minority Business Enterprises. SHELL MAKES NO OTHER WARRANTIES, WHETHER OF MERCHANTABILITY, FITNESS OR OTHERWISE, AND NONE SHALL BE IMPLIED. Shell shall have no liability for, and [Quantum] shall indemnify Shell against all claims, loss, liability and expenses on account of, any injury or death of persons (including [Quantum's] employees), or damage to property (including [Quantum's]) caused by or arising out of [Quantum's] unloading, storage, handling or use of the Ethylene, except to the extent caused by the negligence of Shell. Neither Shell nor [Quantum] shall have liability to the other for any claims (except for any indebtedness of [Quantum] to Shell) arising directly or indirectly out of or in connection with this agreement, or any sales or deliveries of Ethylene by Shell to [Quantum], unless the claimant gives the other party notice of the claim (setting forth fully the facts on which it is based) within thirty (30) days after the date of the sale, delivery or other transaction or occurrence giving rise to the claim. Shell's liability for any claim hereunder, whether or not based on negligence, shall not exceed the purchase price of the Ethylene in respect to which the claim is made; and neither Shell nor [Quantum] shall ever be liable to the other for any special, indirect or consequential damages. (All references to "National" herein should be substituted by reference to "Quantum.")
Both Shell and Quantum agree that since the contract was executed in the State of Texas, which is also the domicile of Shell, the law of that state is applicable with regard to the interpretation of the contract. Because upholding their justified expectations does not offend Louisiana's provisions on conflict of law, LSA-C.C. arts. 3515 et seq., this court will apply Texas law to the substantive issues of the case. According to the Texas Supreme Court, the primary concern of the court in construing a written contract is to determine the true intent of the parties as expressed in the document. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). All provisions in a contract must be considered with reference to the whole instrument. Id.
With regard to consequential damages Section 2.719(c) of the Texas Business and Commercial Code provides:
Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages or injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.
In interpreting this provision of the Texas Code, the United States Fifth Circuit Court of Appeal concluded that no Texas case could be found which held unconscionable a contract clause excluding consequential economic damages on the sale of a commercial product. Lindemann v. Eli Lilly & Co., 816 F.2d 199, 205 (5th Cir. 1987). Insurers insist that they are not disputing the conscionability of this provision in the contract.
Although section 16 of the contract provides that, "neither Shell nor National (Quantum) shall ever be liable to the other for any special, indirect or consequential damages, .." the Insurers contend that there is a condition precedent to this specific waiver, that these conditions must be met by Shell before this limitation of liability accorded to both Shell and Quantum has effect. Specifically, the Insurers argue that Shell cannot urge as a defense the contractual limitation of consequential *712 damages because among the conditions to be met by Shell is the warranty to comply with all laws, ordinances, regulations, rules or orders pertaining to OSHA. The Insurers claim it was a warranty that was breached by Shell. They assert that Shell's violation of OSHA standards which caused the May 5th Norco explosion constituted a breach of Section 16's secondary warranty clause. Therefore, the Insurers contend that, at a minimum, a genuine issue of material fact exists as to whether Shell's negligence in maintaining its piping system, violating OSHA regulations, operates to bar Shell's exercise of the conditional right to limit consequential damages. Thus they contend that the trial court erred as a matter of law in granting Shell's motion for summary judgment.
Shell, however, argues that the consequential damages exclusion is enforceable. Shell contends Quantum and it agreed that neither party would be liable for consequential damages resulting from a breach of contract and, for that reason, Quantum obtained business interruption insurance from the subrogees. It claims the consequential damages limitation is an independent provision, valid unless unconscionable and is not tied to the warrant to comply with OSHA regulations. Shell claims that the consequential damages exclusion provision is enforceable as a matter of law. We agree.
Indeed, Shell's warranties are included in the same section of the contract with the limitation of liability. However, a fair reading of Section 16 as written fails to support the relationship between Shell's warranties and the mutual limitations to liability urged by the Insurers. The complete reading of the provision suggests no quid pro quo. It does not appear that Quantum gave up its right to consequential damages in return for a warranty that Shell adhere to federal rules and regulations monitoring the industry. Such a bargain would seem to be a poor one. Instead, Quantum abandoned its right to consequential damages in return for a similar waiver from Shell. Furthermore, based on the context in which the waiver occurs, if the warranties were conditions precedent to the waiver of consequential damages, they no doubt would also be conditions precedent to the limitation to the amount of Shell's liability on any claim, enunciated in the very same sentence of Section 16. However, that limitation on claims exists even in the event of Shell's negligence, including negligence in adhering to federal regulations. Such a reading would render the phrase "whether or not based on negligence" meaningless in violation of all rules of contract interpretation. The intent of the parties to the contract was to exclude claims for consequential damages, and Quantum opted instead to protect itself from this risk by acquiring insurance. The Insurers cannot subvert the clear language of the contract because they were required to pay the insured risk.
When a contract is to be interpreted by the court as a matter of law, a motion for summary judgment is the proper procedural vehicle to present the question to the court. Carter v. BRMAP, 591 So.2d 1184 (La.App. 1st Cir.1992). Appellate review of the question(s) of law, is simply whether the court's interpretive decision is legally correct. O'Niell v. Louisiana Power & Light Co., 558 So.2d 1235 (La.App. 1st Cir.1990). The Code of Civil Procedure sets forth that a plaintiff or a defendant in the principal or any incident action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. LSA-C.C.P. art. 966(A). The Code also directs that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact, and and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(B); Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991). Therefore, as Shell's supporting document, the contract, sufficiently resolves all genuine issues of material fact regarding its liability for consequential damages arising from its alleged negligent failure to adhere to OSHA regulations, the *713 trial court correctly determined that Shell was entitled to summary judgment as a matter of law.
Because of the result we reach on the contract interpretation we pretermit a discussion of the notice argument.
For the foregoing reasons the trial court's grant of the motion for summary judgment is affirmed. Appellants are assessed all costs of this appeal.
NOTES
[1] Suit was instituted by Phoenix Assurance Company of New York and five other partial subrogees of Quantum Chemical Corporation.
[2] The Subrogated Insurers originally claimed both tort and contract damages from Shell, but later voluntarily withdrew their tort claims.