772 So.2d 709 (2000)
Milton N. SANDER, III
v.
Chantal BROUSSEAU.
No. 2000-CA-0098.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 2000.
Robert B. Evans, III, Cesar R. Burgos, Marc P. Bourgeois, New Orleans, Louisiana, Counsel for Plaintiff/Appellant.
Robert C. Lowe, Paula H. Lee, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, Louisiana, Counsel for Defendant/Appellee.
*710 Court composed of Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge PATRICK M. SCHOTT, Pro Tem.
KIRBY, Judge.

STATEMENT OF THE FACTS
Chantal Brousseau and Milton N. Sander, III were married on December 17, 1990. On October 9, 1996, Milton N. Sander, III, filed a Petition for Divorce, and the parties were divorced on January 15, 1997. Also, on January 15, 1997, the parties executed a Consent Judgment, in which Mr. Sander received certain Individual Retirement Accounts ("IRAs") accounts and other assets, while Ms. Brousseau received the remaining assets and agreed to pay Mr. Sander $20,000 as a equalizing cash payment. The Consent Judgment stated that Sander assumed all debts created by him subsequent to September 29, 1996, which was the date the parties physically separated. However the Consent Judgment did not define the term debts.
Prior to the partition of community property, shortly after filing for divorce, Mr. Sander liquidated three IRAs valued at thirty-two thousand eighteen dollars ($32,018.00). This action produced an increase in ordinary income for the community, penalties and a corresponding increase in federal and state income tax liability ($8,965.04 in federal taxes and $1,280.72 in state taxes). Chantal Brousseau paid the tax liability.
On or about January 14, 1998, Brousseau mailed a letter and check to Sander which purportedly satisfied her obligations to him under the Consent Judgment. Brousseau claimed reimbursements totaling $13,077.47, and offset this amount from the $20,000 she owed Sander pursuant to the Consent Judgment. Some of the claimed reimbursements stemmed from taxes owed on the couple's 1996 joint tax return: $11,028 in federal income tax; $1,413 in state income tax; and an additional payment of penalties and interest in the amount of $193.29. The remaining reimbursements claimed were for an accounting fee incurred by Brousseau ($196.00) and for interest on a loan she had taken out to pay the 1996 tax liability ($247.18). The check Brousseau mailed to Sander totaled $6,922.53.
On December 23, 1998, Sander filed a Motion for Rule to Enforce Consent Judgment of Partition of Community Property, and for Contempt, based on Brousseau's failure to remit the full $20,000 payment, and based on her failure to maximize her deductions on the 1996 tax return. At trial, Sander argued that the Consent Judgment clearly stated that Brousseau owed Sander $20,000.00 and asked for attorney's fees incurred as a result of being forced to bring the rule. Brousseau argued that Sander was liable for the entire tax liability for 1996 reflected on their joint returns, and that she was entitled to offset that tax liability against her debt to him.
In the judgment, the Honorable Roland Belsome found that "the consent judgment clearly states that Ms. Brousseau shall pay $20,000.00 to Mr. Sander and that Mr. Sander assumes all debts which he has made subsequent to the parties' physical separation on September 29, 1996." The Judge also cited Nungesser v. Nungesser, 694 So.2d 312, 313 (La.App. 1 Cir.1996), "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, the intent of the parties is to be determined by the words of the contract." "When ambiguity exists, in determining the true intent of the parties, courts should view the contract as a whole...". Idem. The trial court cited said case in support of its finding that "the tax liability resulting from the early withdrawal of the IRA accounts is a debt and shall be assessed against Mr. Sander."

STATEMENT OF THE LAW
The standard of review for factual findings is that of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). It is only when the court of appeal can, from its review of the record, declare the trial *711 court clearly wrong that it may reverse. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1 Cir. 1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4 Cir.1976).
Pearce v. Pearce, 348 So.2d 75, 78 (La. 1977).
In our review of the record we find no manifest error in the trial judge's assessment of the tax debt, application of the setoff, or in any other factual finding, except one miscalculation.
The trial court found that the total amount of taxes paid by both parties was $27,215.00. Our review of the record reveals that this sum should have been $27,601.58. As a result of this error, the amount of credit Ms. Brousseau is owed due to Mr. Sander's early IRA distribution should be $5,557.38, instead of $5,750.67 as the trial court found. Thus, we reduce the amount of credit Ms. Brousseau is owed due to Mr. Sander's early IRA distribution by one hundred ninety-three dollars and twenty-nine cents ($193.29) to the sum of five thousand five hundred fifty-seven dollars and thirty-eight cents ($5,557.38).
Appellate review of a question of law involves a determination of whether the lower court's interpretive decision is legally correct. Phoenix Assur. Co. of N.Y. v. Shell Oil Co., 611 So.2d 709 (La. App. 4 Cir.1992). When the words of a contract are clear and explicit and lead to no absurd consequences, the intent of the parties is to be determined by the words of the contract. Nungesser v. Nungesser, 694 So.2d 312, 313 (La.App. 1 Cir.1996).
In this case we find no legal error in the trial judge's reading and application of the Consent Judgment between Mr. Sander and Ms. Brousseau. More specifically, we think the trial court was correct in adjudging each party as responsible for their attorney's fees. Although Mr. Sander prevailed on certain issues, he also lost on others. Therefore, the trial court was legally correct in its finding that he was not the successful party that was contemplated in the Consent Judgment.
For the foregoing reasons, we affirm the judgment of the trial court as amended.
AFFIRMED AS AMENDED.