h STEWART, J.
Great American Real Food Fast, Inc. (“Great American”) appeals the trial court’s grant of Night and Day Partners, Ltd.’s (“Night and Day”) eviction action. Finding that the trial court erred as a matter of law we reverse and remand for the reasons expressed herein.
FACTS
The subject property of this dispute was sold by Cal Staggers (“Staggers”) to Night and Day by cash sale deed on May 21, *851 2001, and recorded on June 26, 2001, under registry number 1756587. Staggers and Kelly’s Truck Terminal, Inc. (“Kelly’s”) also executed a memorandum of lease on May 21, 2001, and recorded on June 26, 2001, one instrument before the cash sale deed between Staggers and Night and Day under registry number 1756586. Consequently, the memorandum of lease primes the cash sale deed. As a result, Night and Day purchased the property subject to the lease between Stagger’s and Kelly’s. Incidentally, when Night and Day acquired the subject property by cash sale deed, it also acquired all of the capital stock in Kelly’s.
Great American had entered a lease with Kelly’s on May 1, 1999, but that lease was not recorded until May 1, 2003. When Night and Day purchased the property, it instructed Great American to pay the rent provided by the lease agreement and to name it as an additional insured as provided by the lease.
On or about January 24, 2003, Kelly’s, but not Night and Day, served a “Five (5) Day Notice to Vacate” on Great American. However, Night and Day filed a rule for possession of the premises against Great American. Great American objected, citing exceptions of unauthorized use of summary process, failure to join a party under La. C.C.P. arts. 641 and 642, and alternatively exceptions of no cause of action and no right of action. The gist of the exceptions contested the fact that the eviction was filed by Night and Day in spite of the fact that Kelly’s was Great American’s lessor. Following a trial on the fnerits, the trial court granted Night and Day’s rule for possession and ordered that Great American be evicted. This appeal ensued.
DISCUSSION

Standard of Review

In Rosell v. ESCO, 549 So.2d 840 (La.1989), the Louisiana Supreme Court discussed as follows the issue of the scope of the appellate court’s review of a trial court’s findings of fact:
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.... Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong....
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Id. at 844. See also Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.1/29/96), 666 So.2d 1073; Aleman v. Favret Co., 349 So.2d 262 (La.1977); Harvey v. Cole, 2000-1849 (La.App. 4 Cir. 1/23/02), 808 So.2d 771.
With respect to issues of law, however, this Court is required to determine whether the trial court applied the law appropriately. In Glass v. Alton Ochsner Medical Foundation, 2002-0412 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, the Court discussed the scope of appellate review of issues of law as follows:
The standard of review of appellate courts in reviewing a question of law is simply whether the court’s interpretative decision is legally correct. Phoenix *852 Assur. Co. v. Shell Oil Co., 611 So.2d 709, 712 (La.App. 4 Cir.1992).
Furthermore, if the decision of the district court is based on an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-1072 (La.1983). See also Sander v. Brousseau, 2000-0098, (La.App. 4 Cir. 10/4/00), 772 So.2d 709, 711, where the Court stated that “[a]ppellate review of a question of law involves a determination of whether the lower court’s interpretive decision is legally correct.”

Wrongful Eviction

Great American contends that the trial court erred as a matter of law in granting Night and Day’s action for eviction without requiring it to provide proper notice to vacate. La. C.C.P. arts. 4701 and 4702 require that a lessor give a lessee or tenant at least five days written notice before an eviction can take place.
 Contracts legally entered into have the force of law among the parties that formed them. La. C.C. art. 1901. Investor Inns, Inc. v. Wallace, 408 So.2d 978 (La.App. 2d Cir.1981). The lease agreement in the instant case was signed between Kelly’s and Great American, and the notice of eviction came from Kelly’s but the rule for possession was instituted by Night and Day. Great American contends that the trial court erred by allowing notice of eviction from Kelly’s to be sufficient for Night and Day to proceed with its rule for possession. We agree.

Failure to Join Indispensable Party

In its second assignment of error, Great American contends that the trial court erred by failing to join Kelly’s as a party to the eviction action when it was the lessor of Great American. To allow Night and Day, the parent company of Kelly’s, to institute an eviction proceeding against a lessee of Kelly’s without joining Kelly’s as a party to the suit was error as a matter of law. See Nab Nat. Resources, L.L.C., v. Caruthers Producing Co. Inc., 33,726 (La.App.2d Cir.8/25/00), 765 So.2d 1241. Night and Day’s purchase of the property was subject to the lease in favor of Kelly’s. As a result, Kelly’s is answerable for damages due to the eviction of Great American by Night and Day. Great American argues that Kelly’s should have been joined to the eviction action under La. C.C.P. art. 641 which states:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already subject to a substantial risk of incurring multiple or inconsistent obligations.
Thus, an adjudication made without making a person described in Article 641 a party to the litigation is an absolute nullity. Stephenson v. Nations Fin. Services Corp, 98-1689 (La.App. 1 Cir. 9/24/99) 754 So.2d 1011, 1018. In the instant case, the trial court made an adjudication of Kelly’s and Great American’s rights without Kelly’s being present. Kelly’s is Staggers’ lessee and Great American is Kelly’s lessee. Night and Day’s ownership rights are subject to the lease between Staggers and Kelly’s. Great American’s rights arise out of its lease with Kelly’s, and Kelly’s *853 rights arise out of a lease between Staggers and Kelly’s. To have complete adjudication, it is necessary that Kelly’s be made a party, particularly considering the fact Night and Day owns Kelly’s. Night and Day never sent a notice to vacate to Great American. The record shows that Kelly’s and Night and Day’s officers and directors are the same. Kelly’s operates its business out of Night and Day’s bank account. Moreover, employees that work at Kelly’s are paid by Night and Day. The record shows that at the time Night and Day purchased the property and Kelly’s stock, it was aware of the lease between Kelly’s and Great American. Following the sale of Kelly’s, the officers of Night and Day required Great American to send the rent money due under the lease to Night and Day. Moreover, Great American was requested by Night and Day and Kelly’s to name Night and Day as an additional insured, as provided by the lease. We conclude that Night and | fiDay cannot bypass the provisions of the lease between its subsidiary, Kelly’s and Great American,
CONCLUSION
Based on the foregoing, we find that the trial court erred as a matter of law in allowing Night and Day to initiate eviction proceedings against Great American. As a result, we reverse and remand this matter to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
PEATROSS, J., concurs with written reasons.