11 CANNIZZARO, J.,
dissents with reasons.
I respectfully dissent from the majority opinion. The issue before this Court is whether the trial court properly denied the Petition for Intervention and for Injunction to Arrest Seizure and Sale under Ex-ecutory Process that was filed by Amram Cohen, who had acquired the property that was involved in the foreclosure proceeding in which he sought to intervene. The property had been acquired by Mr. Cohen from the City of New Orleans pursuant to the provisions of La.R.S. 33:4720.11 et seq. These statutes pertain to the sale of abandoned property and permit the City to transfer to a new owner property that is vacant or not lawfully occupied and that has been adjudicated to the City for the nonpayment of taxes.
The trial court denied Mr. Cohen the right to intervene in the foreclosure proceeding. In his Reasons for Judgment, the trial court judge stated that “[t]he Court ... finds that because the City did not provide the mandated Notice, the sixty day post-adjudicative period prior to sale of the property did not pass, and as a result the sale to Intervenor is not valid and Intervenor is not a party at interest and has no right to enjoin the Executory Process action.” The notice required to be given pursuant to La.R.S. 33:4720.17 was not given by the City, but instead was given by Mr. Cohen’s attorney in accordance with the City’s written direction to |2her to give the notice. In his Reasons for Judgment, the trial court judge failed to recognize that the City had the authority to designate a party to give the required notice on behalf of the City.
Although the majority opinion correctly states the standard of review for a trial court’s finding of fact, the issue to be reviewed by this Court on appeal is not a factual finding. Whether the notice required to be given pursuant to La.R.S. 33:4720.17[1] may be given by a designee of *349 the City is a question of law. Our review of. a question 'of law involves a determination of whether the lower court’s interpretive decision is legally correct. Sander v. Brousseau, 2000-0098, p.4 (La.App.4 Cir. 10/4/00), 772 So.2d 709, 711. If the decision of the district court is based on an erroneous application' of the law, rather than on the exercise of discretion, the decision is not entitled to deference by this Court. Glass v. Alton Ochsner Medical Foundation, 2002-0412, p. 3 (La.App. 4 cir. 11/6/02), 832 So.2d 403, 405, writ denied, 2002-2977 (La. 3/14/03), 389 So.2d 36, 2002-3018 (La.3/14/03), 839 So.2d 37.
I find that the trial court erroneously applied the law in this case. La.R.S. 33:4720.17(A) provides that “the political subdivision shall cause notice to be given .... ” (Emphasis added.) La.R.S. 33:4720.12(2)(a) defines the notice required to be given as “the sending of written communication to interested parties” in one of the following three ways[2]:
(i) By means of registered or certified mail, return receipt requested.
(ii) In the same manner as service of citation or other process, whether made by sheriff, deputy sheriff, or constable.
ls(iii) By a duly authorized building inspector or other representative of the political subdivision, as provided by ordinance.
In the instant case the City requested that Mr. Cohen’s attorney give' the required notice, which she did in accordance with La.R.S. 33:4720.12(2)(a)(i). I find that this method of notification satisfied the requirements of La.R.S. 33:4720.17. The City caused the required notice to be given, and it was given in the manner required by the statute. Therefore, the notice was legal, and the trial court erred as a matter of law in finding that the sale to Mr. Cohen was invalid, because the proper notice was not given.
The trial court should have enjoined the sale of the property at foreclosure and permitted Mr. Cohen to intervene in the proceeding to assert his rights to the property. I would reverse the trial court judgment and remand this case -to the trial court for further proceedings.

. Notice of the sale of abandoned property must be given to “the owner, the mortgagee, and any other person who may have a vested or contingent interest in the property, or who has filed a request for notice” at least sixty days prior to the sale of the property by the City.

. If the parties to be notified are absent or cannot be served, then notice may be given by publication in the political subdivision’s official journal. La.R.S. 33:4720.12(2)(b).