EDWIN A. LOMBARD, Judge.
|, On application for supervisory writ, the State seeks relief from the trial court judgment of May 22, 2013, denying its motion to dismiss the petition for wrongful conviction compensation[1] filed on behalf of Darren R. Hill. After review of the record in light of the applicable law and oral argument of the parties, we affirm the judgment of the district court and deny the State’s writ application.

Relevant Facts and Procedural History

In July 1992, Mr. Hill (who is a diagnosed schizophrenic) was charged with ag *1202 gravated rape and kidnapping. Shortly thereafter, he surrendered himself and remained in State custody until he was found competent to stand trial in February 1999. On February 11, 1999, Mr. Hill was found not guilty by reason of insanity and committed to East Feliciana Forensic Facility. In March 2012, after being incarcerated for almost twenty years, he was exonerated by DNA evidence of the crimes for which he was charged. On April 27, 2012, his judgment of commitment was vacated and he was released.
|2In accordance with La.Rev.Stat. 15:572.8, Mr. Hill filed a petition for compensation. In response, the State moved to dismiss his petition, arguing that he was not entitled to compensation under the statute because he was never “convicted” or “incarcerated.” In denying the State’s motion, the trial judge noted the constitutional issue underlying the State’s argument, pointing out that twenty years in custody, whether in the penitentiary or the state hospital, was the “same thing” because “twenty years of his life was taken away from him for an act that both the State and the Defense joined in saying that he is not the guy who committed the rape.”[2] The State disputes this decision, arguing that the statute must be strictly interpreted to deny Mr. Hill compensation.

Applicable Law

La.Rev.Stat. 15:572.8(A) provides in pertinent part that a petitioner is entitled to compensation if he has served “a sentence of imprisonment under the laws of this state for a crime for which he was convicted” and (1) the conviction is reversed or vacated; and (2) “[t]he petitioner has proven by clear and convincing scientific or non-scientific evidence that he is factually innocent of the crime for which he was convicted.”
“Courts must construe statutes to preserve their constitutionality, when it is reasonable to do so.” State v. Fleury, 01-0871, p. 5 (La.10/16/2001), 799 So.2d 468, 472 .(citation omitted). “No person shall be denied the equal protection of the laws,” La. Const, art. I, § 3, and this guarantee “requires that state laws affect alike all persons and interests similarly situated.” Fleury, supra (citing State v. Petrovich, 396 So.2d 1318, 1322 (La.1981)). “The legislature has great latitude |ain making laws and in creating classifications under those laws, so long as those classifications can withstand constitutional muster.” Id. “[T]he paramount consideration in interpreting a statute is ascertaining the legislature’s intent and the reasons that prompted the legislature to enact the law.” Theriot v. Midland Risk Insurance Co., 95-2895, p. 3 (La.5/20/97), 694 So.2d 184, 186 (citation omitted). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. Civ. Code art. 9 (emphasis added). However, once the parameters of Article 9 are breached, the statute at issue “must be interpreted as having the meaning that best conforms to the purpose of the law. La. Civ.Code art. 10. This, according to the accompanying commentary, “expresses the principle of teleological interpretation.” La Civ.Code art. 10, Revision Comments-1987, § (b).

Discussion

It is undisputed that Mr. Hill was confined by the State for almost twenty years based on charges for which, through DNA analysis, he was proven factually in *1203 nocent. Moreover, unlike a person wrongfully convicted but serving a finite sentence, Mr. Hill’s inability to acknowledge an act (that he did not commit) was a determining factor in his continued confinement as a danger to society, thus creating a nightmare scenario of indefinite incarceration. Nonetheless, the State (as represented by the Louisiana Attorney General’s office) maintains that La.Rev. Stat. 15:572.8 was purposely written by the state legislature to exclude Mr. Hill from compensation and, accordingly, argues that the language of the statute must be strictly construed.
|4The State’s argument, however, is contrary to the norms of statutory construction wherein statutes are interpreted to preserve their constitutionality, as well as the Louisiana Civil Code provision restricting interpretation of a statute to its “clear and unambiguous language” only where such interpretation “does not lead to absurd consequences.” La. Civ.Code art. 9. Clearly, as discerned by the trial judge, persons incarcerated (whether in a prison by conviction or state hospital by a finding of not guilty by reason of insanity) on the basis of a crime they did not commit are so similarly situated that to interpret this statute to exclude Mr. Hill from compensation for the grievous loss of almost twenty years of life opportunities, not only leads to “absurd consequences,” but undermines the constitutional validity of the statute.

Conclusion

We affirm the judgment of the trial court, deny the State’s writ application, and remand the matter to the trial court for further proceedings.
JUDGEMENT AFFIRMED; WRIT DENIED; REMANDED.

. The State also seeks review of the trial court denial of its motion to bifurcate consideration of the State's motion to dismiss for no cause of action from a hearing on the merits of Mr. Hill's petition for compensation. However, the trial court effectively bifurcated the proceedings when it stayed the proceedings, allowing the State to seek review of the denial of the motion to dismiss before proceeding to a decision on the merits. Therefore, this issue is moot.

. At the outset of his remarks, the trial judge observed that "there is a Constitutional question here.”