TIMOTHY M. GEMELLI      *      NO. 2022-CA-0345

VERSUS      *

STATE OF LOUISIANA      *      COURT OF APPEAL

     FOURTH CIRCUIT

     *      STATE OF LOUISIANA

     * * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-0060, DIVISION "C"
Honorable Kim C. Jones, Judge Presiding
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Paula A. Brown)

Jeff Landry, Attorney General
J. Taylor Gray
Grant L. Willis
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804--9005

     COUNSEL FOR PLAINTIFF/APPELLEE

Richard H. Barker, IV
601 Poydras Street, Suite 2345
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLANT

         **AFFIRMED**
         **November 17, 2022**

This is a wrongful conviction and imprisonment suit pursuant to La. R.S. 15:572.8. From the trial court's judgment granting the motion to dismiss filed by the State of Louisiana (the "State"), the plaintiff, Timothy Gemelli, appeals. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In January 2021, Mr. Gemelli commenced this suit against the State pursuant to La. R.S. 15:572.8, seeking compensation for wrongful conviction and imprisonment to be paid from the Innocence Compensation Fund. The record reflects that Mr. Gemelli made, among others, the following averments in his petition:[1]

- Petitioner previously was incarcerated beginning on 1/11/17 as a pre-trial detainee in St. Bernard Parish pending trial on the merits in St. Bernard Parish Criminal Case No. 17-764.

- At the conclusion of the aforementioned trial, the jury rendered a verdict of Not Guilty, resulting in his acquittal on 1/14/19.

---

[1] This matter was before the trial court on a motion to dismiss, which is equivalent to a peremptory exception of no cause of action. Given the procedural status of this matter, we accept the allegations of the petition as true for purposes of deciding this matter.

1

- During the aforementioned trial, there was clear and convincing evidence which proved Petitioner's factual innocence, and petitioner would show that there exists additional clear and convincing [evidence] which does prove his factual innocence.

- [I]n due course, Petitioner shall file an Amended Petition, which will include copies of the judgment of acquittal in the St. Bernard Parish Criminal Case No. 17-764, and the record of the time he spent in the custody of the St. Bernard Parish Jail (*i.e.* 1/11/17 -1/14/19).

- Upon Petitioner's acquittal in St. Bernard Parish on 1/14/19, he was transferred to St. Tammany Parish on other charges where he was incarcerated for an additional 93 days until the charges were refused.

In response, the State filed a Motion to Dismiss, arguing that La. R.S. 15:572.8 cannot apply to a pre-trial detainee. Agreeing with the State, the trial court granted the State's motion to dismiss. This appeal followed.

## DISCUSSION

On appeal, Mr. Gemelli assigns as error the trial court's finding that La. R.S. 15:572.8 cannot apply to a pre-trial detainee. Apparently conceding a literal interpretation of the statute defeats his argument, Mr. Gemelli cites the principle of statutory construction, codified in La. C.C. art. 9, that statutes should not be interpreted in such a fashion as to lead to absurd or irrational results—the literal application principle. According to Mr. Gemelli, interpreting La. R.S. 15:572.8 to exclude a pre-trial detainee because he or she was never convicted would lead to an absurd result and would violate the state constitution's equal protection guarantee. In support of this contention, Mr. Gemelli cites *State v. Hill*, 13-0861 (La. App. 4 Cir. 09/18/13), 125 So.3d 1200.

The State counters that Mr. Gemelli—by his own admission—was not convicted of the charge brought against him in Case No. 17-764 and served no sentence of imprisonment in the custody of the Louisiana Department of Public

2

Safety and Corrections.[2] The State contends that La. R.S. 15:572.8 was not intended for individuals who spent time in parish jail before trial, but were not convicted—pre-trial detainees. The State further contends that the *Hill* case, cited by Mr. Gemelli, involved a vastly different situation from the situation presented here.

*Standard of Review*

This case presents solely an issue of statutory construction, which is a question of law governed by a *de novo* standard of review. *See SBN V FNBC LLC v. Vista Louisiana, LLC*, 18-1026, p. 5 (La. App. 4 Cir. 3/27/19), 267 So.3d 655, 660 (quoting *New Orleans Fire Fighters Pension & Relief Fund v. City of New Orleans*, 17-0320, p. 5 (La. App. 4 Cir. 3/21/18), 242 So.3d 682, 688) (observing that "'when a matter involves the interpretation of a statute, it is a question of law, and a *de novo* standard of review is applied'"). Simply stated, "[a]ppellate review of the question(s) of law, is simply whether the court's interpretive decision is legally correct." *Phoenix Assur. Co. of New York v. Shell Oil Co.*, 611 So.2d 709, 712 (La. App. 4th Cir. 1992).

*Statutory Interpretation*

Statutory interpretation starts with the language of the statute. *Soileau v. Smith True Value & Rental*, 12-1711, pp. 7-8 (La. 6/28/13), 144 So.3d 771, 777-78 (internal quotations and citations omitted); *State v. Johnson*, 03-2993, p. 11 (La. 10/19/04), 884 So.2d 568, 575. The relevant language of the statute at issue in this case is as follows:

---

[2] One of the items of evidence a petitioner in a suit for wrongful conviction and imprisonment must attach to their petition is "[a] record from the Department of Public Safety and Corrections of the time the petitioner spent in the custody of the Department of Public Safety and Corrections." La. R.S. 15:572.8 (G)(3).

A petitioner is entitled to compensation in accordance with this Section if he has served in whole or in part a sentence of imprisonment under the laws of this state for a crime for which he was convicted and:

1. The conviction of the petitioner has been reversed or vacated; and

2. The petitioner has proven by clear and convincing scientific or non-scientific evidence that he is factually innocent of the crime for which he was convicted.

La. R.S. 15:572.8 (A).

The Civil Code contains instructions regarding the proper method of statutory interpretation. The instruction applicable here, as Mr. Gemelli contends, is the literal application principle, codified in La. C.C. art. 9. Article 9 provides that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9; *see also* La. R.S. 1:4 (providing that "[w]hen the wording of a statute is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit").

The United States Supreme Court has observed that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). In such rare cases, the drafter's intent, not the strict language, is controlling. *Id.*[3] This is not such a rare case.

---

[3] *See also Pumphrey v. City of New Orleans*, 05-0979, p. 14 (La. 4/4/06), 925 So.2d 1202, 1211 (citing *Ron Pair Enterprises*, 489 U.S. at 242, 109 S.Ct. at 1031, and La. C.C. art. 9 and

4

The relevant statute—La. R.S. 15:572.8—is *sui generis*; it governs a unique situation—"provid[ing] compensation from a special fund set aside in the state treasury to innocent persons wrongfully convicted." *Burge v. State,* 10-2229, p. 6 (La. 2/11/11), 54 So.3d 1110, 1113. The literal statutory language requires that the claimant have been tried and wrongfully convicted, not simply charged and acquitted. Thus, a literal application of La. R.S. 15:572.8 supports the trial court's finding that the statute cannot apply to a pre-trial detainee—a person who was held and detained pre-trial and subsequently acquitted. By definition, a pre-trial detainee cannot satisfy the statutory requirements.

Here, Mr. Gemelli seeks damages for time he served as a pre-trial detainee. He has not alleged that he was tried and convicted; instead, he has alleged that he was charged and acquitted. Nonetheless, he contends that the *Hill* case stands for the proposition that interpreting the statute to exclude a pre-trial detainee because such a detainee was never convicted would lead to an absurd result and violate the state constitution's equal protection guarantee. We disagree.

The claimant in *Hill*—Darrin Hill ("Mr. Hill")—was a diagnosed schizophrenic, In July 1992, Mr. Hill was charged with aggravated rape and kidnapping. Shortly thereafter, Mr. Hill surrendered himself. He remained in State custody until he was adjudged competent to stand trial. In February 1999, he was tried and found not guilty by reason of insanity. Mr. Hill was committed to East Feliciana Forensic Facility. In March 2012, Mr. Hill was exonerated by DNA evidence of the crimes for which he was charged. The following month, Mr. Hill's judgment of commitment was vacated; and he was released.

---

observing that a statute "shall be applied as written, and therefore, a court must give effect to the literal application of the language of a statute, including its grammatical construction, except in the rare case where such application will produce absurd or unreasonable results").

After his release, Mr. Hill filed a petition for compensation under La. R.S. 15:572.8, seeking damages for the twenty years he spent in custody.[4] The State filed a motion to dismiss, arguing that Mr. Hill was neither convicted of the crimes nor incarcerated. The trial court denied the State's motion. The State sought supervisory review. This court affirmed the trial court's ruling, denied the State's writ application, and remanded.

Interpreting the statutory language, this court in *Hill* cited two principles of statutory construction—(i) the general rule that statutes are to be construed to preserve their constitutionality; and (ii) the literal application principle, discussed elsewhere in this opinion. As to the first principle, we observed that La. Const. art. I, § 3 "requires that state laws affect alike all persons and interests similarly situated" and that "[t]he legislature has great latitude in making laws and in creating classifications under those laws, so long as those classifications can withstand constitutional muster." *Hill*, 13-0861, pp. 2-3, 125 So.3d at 1202 (internal quotations and citations omitted). As to the literal application principle, we observed that "once the parameters of La. C.C. art. 9 are breached, the relevant statute must be interpreted as having the meaning that best conforms to the purpose of the law" and that "according to the accompanying commentary, [this] 'expresses the principle of teleological interpretation.'" *Hill*, 13-0861, pp. 2-3, 125 So.3d at 1202 (citing La C.C. art. 10, Revision Comments–1987, §(b)).

Applying these two principles, we concluded in *Hill* that:

---

[4] Mr. Hill's petition sought damages for seven years pre-commitment and thirteen years post-commitment. In affirming the trial court's judgment denying the State's motion to dismiss, this court did not distinguish between Mr. Hill's pre-commitment and post-commitment periods. Indeed, this court did not mention Mr. Hill's status as a pre-trial detainee. The *Hill* case was decided solely on the basis of Hill's status an insanity acquittee. This court's focus in *Hill* was on the unconstitutionality of discriminating against insanity acquitees.

6

> [P]ersons incarcerated (whether in a prison by conviction or state hospital by a finding of not guilty by reason of insanity) on the basis of a crime they did not commit are so similarly situated that to interpret this statute to exclude Mr. Hill from compensation for the grievous loss of almost twenty years of life opportunities, not only leads to 'absurd consequences,' but undermines the constitutional validity of the statute.

*Hill*, 13-0861, p. 4, 125 So.3d at 1203. Our holding in *Hill*, thus, was rooted on Mr. Hill's status as an insanity acquitee and a finding that a contrary conclusion would result in an equal protection violation.

Mr. Gemelli's reliance on *Hill* is misplaced. The equal protection concerns presented in *Hill* stemmed from Mr. Hill's status as an insanity acquitee. Mr. Gemelli, unlike Mr. Hill, is not asserting a claim as an insanity acquitee; rather, he is asserting a claim as a pre-trial detainee. Moreover, the equal protection concerns that were at the focus of our decision in *Hill* are absent here.

Nor would it produce an absurd or unreasonable result to deny a pre-trial detainee, such as Mr. Gemilli, the right to seek compensation under the relevant statute. Indeed, although the majority of the states have enacted some form of wrongful conviction compensation statute, only one state extends relief to a pre-trial detainee—Alabama. *See* 25 *Causes of Action 2d* 579 (originally published in 2004) (observing "[a]s a general rule, the claimant must have been convicted of, not merely charged with, a criminal offense. Alabama, however, has enacted an unusual provision that allows recovery for pre-trial detention").[5] The Louisiana

---

[5] A commentator has observed that four states permit the compensation recoverable under wrongful imprisonment statutes to include compensation for pre-trial detention; but, only Alabama provides a right of action for a pre-trial detainee—one who is detained and then acquitted; the other states require a conviction. *See also* Jeffrey S. Gutman, *An Empirical Reexamination of State Statutory Compensation for the Wrongly Convicted*, 82 Mo. L. Rev. 369, 406-07, n. 211 (2017) (observing that "[o]n the front end, only 4 states permit compensation for pre-trial incarceration" and citing those four statutory provisions: "ALA. CODE § 29-2-156(2) (2017) (pre-trial detainees on state felony charges for at least 2 years are eligible); HAW. REV. STAT. ANN. § 611B-3(a)(3) (West 2017) (permits compensation for pre-trial detention in cases

wrongful conviction and imprisonment statute, La. R.S. 15:572.8, contains no such provision. Thus, as the trial court judge observed in her oral reasons for judgment, to decide that a pre-trial detainee could recover "would lead to an absurd result, meaning that every pre-detention detainee would then have a right to sue under this statute. That's not what the statute says." [6] We agree.

Accordingly, we affirm the trial court's decision granting the State's motion to dismiss Mr. Gemelli's petition for wrongful conviction and imprisonment.

## DECREE

For the forgoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED**

---

of conviction); N.C. GEN. STAT. ANN. § 148-84(a) (West 2017) (compensation includes time spent awaiting trial); WASH. REV. CODE ANN. § 4.100.060(5)(a) (West 2017) (compensation includes time waiting for trial if convicted) . . . *Cf.* MISS. CODE ANN. § 11-44-7(2)(a) (West 2017) (no compensation for pre-indictment detention)); *see also Sanford v. State*, 506 Mich. 10; 954 N.W.2d 82 (2020) (observing that "the [Wrongful Imprisonment Compensation Act] clearly requires that any compensable imprisonment be 'wrongful,' and preconviction detention is simply not wrongful in this context").

[6] Pre-trial detention serves a different purpose than post-conviction incarceration. Pre-trial detention is meant "to assure the presence of the defendant at court appearances"; whereas, post-conviction incarceration is meant "to punish the defendant, to effect rehabilitation, to protect the public from the dangerous propensities of the individual and/or to serve as an example to deter others from similar criminal behavior." *Jacoby v. State*, 434 So.2d 570, 576 (La. App. 1st Cir. 1983) (citing *Frank v. Pitre*, 353 So.2d 1293, 1296 (La. 1977)); *see also United States v. Salerno*, 481 U.S. 739, 746-47 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987) (observing "[a]s an initial matter, the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment.")