JjBAGNERIS, Judge.
The issue on appeal concerns a determination of when a decision of the Louisiana Tax Commission becomes final for prescription purposes. The trial court granted defendant’s peremptory exception of prescription and dismissed the plaintiffs suit. We affirm.

FACTS

The facts are not in dispute. Defendant, Panacon Partnership, is the owner of the Inter-Continental Hotel located at 444 St. Charles Avenue, New Orleans, Louisiana in Orleans Parish. Plaintiff, Patricia A. Johnson, as the assessor of the First Municipal District for the Parish of Orleans (“Assessor”), made an assessment of the value of the Inter Continental property improvements for the 2000 tax year, setting the value at $35,854,000.00. Panacon contested the Assessor’s valuation by filing an appeal with the Board of Review for Orleans Parish. The Board of Review set the fair market value of the property’s improvements at $32,562,733.00. Thereafter, Panacon filed an appeal with the Louisiana Tax Commission (“tax commission”). The tax commission held a hearing on the appeal on December 9, 1999. The tax commission rendered its decision on April 4, 2000 and determined a fair market value of the property to be |2$28,511,400.00. The April 4, 2000, decision was revised on June 6, 2000, to correct the tax commission’s docket number. Neither party filed a request for a rehearing with the tax commission at any time.
On July 17, 2000, the Assessor filed a petition for judicial review of the tax commission’s decision in the Civil District Court for the Parish of New Orleans pursuant to La. R.S. 47:1998. On December 27, 2000, Panacon filed exceptions of res judicata, no right or cause of action, lack of subject matter jurisdiction, and prescription. After a hearing on January 19, 2001, the district court granted Panacon’s exception of prescription and dismissed the Assessor’s suit. The trial court found it unnecessary to address Panacon’s other exceptions due to its ruling that the petition was untimely. The Assessor now appeals this final judgment.

*331
ASSIGNMENT OF ERROR

The Assessor alleges that the trial court erred as a matter of law in dismissing as prescribed a petition for judicial review filed on the first working day after the thirtieth calendar day after the tenth day rehearing period expired.

STANDARD OF REVIEW

Appellate review of a question of law involves a determination of whether the lower court’s interpretive decision is legally correct. Sander v. Brousseau, 2000-0098 (La.App. 4 Cir. 10/4/00), 772 So.2d 709, 711 citing Phoenix Assur. Co. of New York v. Shell Oil Co., 611 So.2d 709 (La.App. 4 Cir.1992).

DISCUSSION

Before addressing the Assessor’s argument that the petition was timely filed, we feel compelled to address the Exception of No Right of Action that the defendants filed in the trial court on December 27, 2000. An Exception of No Right of Action is an appropriate procedural pleading to raise the question of | awhether the Assessor, in her official capacity only, has standing to seek judicial review of the Louisiana Tax Commission decision. Greenbriar Nursing Home, Inc. v. Pilley, 93-2059 (La.5/23/94), 637 So.2d 429, 434. Further, the exception of no right of action is peremptory and can be brought at any stage “of the proceeding in the trial court prior to a submission of the case for a decision or for the first time in the appellate court if pleaded prior to a submission of the case for a decision if proof of the ground of the exception appears of record and even may be noticed by either the trial or appellate court of its own motion.” Lambert v. Donald G. Lam-ben Const. Co., 370 So.2d 1254, 1255 (La. 1979).
La. R.S. 47:1998 provides for Judicial Review of Tax Commission decisions. Specifically, La. R.S. 47:1998 A(l)(a) provides in part:
Any taxpayer or bona fide representative of an affected tax — recipient body in the state dissatisfied with the final determination of the Louisiana Tax Commission under the provisions of R.S. 47:1989 shall have the right to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district court.
(Emphasis added)
According to the statute, only a “taxpayer” or “representative of an affected tax recipient body” has the right to petition for judicial review. However, the Assessor, because she has filed suit in her official capacity only and not individually, is neither a taxpayer nor a representative of the tax recipient body. The representatives of the tax recipient body include the Director of Finance of the City of New Orleans, the Mayor and the City. Accordingly, we agree with the defendant that the City, not the Assessor in her official capacity, is the proper party to file a petition for judicial review from the Louisiana Tax Commission. Nonetheless, because our jurisprudence favors appeals, we feel it is necessary to address the Assessor’s argument on Rwhether her petition filed in the district court was timely. See Turner v. Department of Health and Hospitals, 561 So.2d 721 (La.1990).
The Assessor alleges that the petition was timely filed if La. R.S. 47:1998 A(l)(a) provides a ten-day rehearing period followed by a thirty-day appeal period. Specifically, she argues that “the statutory amendment is self-contradictory because it requires the time clock to start running upon ‘the entry of a final decision,’ yet no decision becomes final until ten days after its entry.” Thus, she alleges that the tax commission decision mailed on June 6, 2000, would not become “appealable” until June 16, 2000, and that the thirty-day ap *332 peal period commencing on June 16, 2000, would have expired on Monday, July 17, 2000, the day the petition was filed in Civil District Court. We find no merit to this argument.
The procedure for appealing decisions of the tax commission to the district court is provided for in La. R.S. 47:1998. Specifically, La. R.S. 47:1998A(l)(a) as amended by Louisiana Acts, No. 74, § 1, of the 1st Ex. Session of 2000, effective April 17, 2000,[1] provides in pertinent part:
Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the final determination of the Louisiana Tax Commission under the provisions of R.S. 47:1989, shall have the right to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the property is located contesting the correctness of assessment. (Emphasis added)
| sAlthough the statute authorizes a taxpayer who is dissatisfied with a decision of the tax commission to appeal to the district court within thirty days of the entry of the tax commission’s final decision, the statute does not specify exactly when such decisions are considered final. Thus, in order to determine whether the Assessor’s petition was timely, we must look to other statutory provisions.
The procedure for appealing decisions of the board of review to the tax commission is provided for in La. R.S. 47:1989. This statute provides, “[a]ll decisions by the tax commission are final unless appealed to the district court within thirty days.” La. R.S. 47:1989 D(l). Although this provision addresses the issue of the finality of a decision of the tax commission, it cannot refer to the type of finality contemplated by La. R.S. 47:1998 A(l)(a) because 47:1998A(l)(a) requires a decision be final before it may be appealed to the district court.
Also applicable to this matter is La. R.S. 47:1989 C which provides that the tax commission “hearings , shall be conducted in accordance with rules and regulations established by the tax commission.” Specifically, the rules and regulations established by the tax commission are found in the Louisiana Administrative Code, Title 61, Part V, Rule 3103, which govern appeals to the tax commission and the procedures that must be followed.
Paragraph Q of Rule 3103 authorizes the tax commission, at its discretion, to “grant the request of a taxpayer or assessor for rehearing; provided the rehearing request is made in accordance with the Administrative Procedure Act” (“APA”).[2] | ^Pursuant to the APA, an agency decision in an adjudication proceeding is “subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry.” La. R.S. 49:959 A. The *333 APA also provides for the measuring of the time for judicial review where a rehearing is sought. La. R.S. 49:959 B provides in pertinent part, “[i]f an application for rehearing shall be timely filed, the period within which judicial review, under the applicable statute, must be sought, shall run from the final disposition of such application.” (Emphasis added).
The First Circuit recently addressed the issue of when a tax commission’s decision is final in EOP Neiv Orleans, L.L.C. v. Louisiana Tax Com’n, 2001-1452 (La.App. 1 Cir. 9/28/01), 809 So.2d 387. In EOP, the tax commission mailed a copy of its decision to appellant, EOP, on May 30, 2000. On June 1, 2000, EOP filed a petition for judicial review of the tax commission’s decision pursuant to La. R.S. 47:1998 and 47:2110. Thereafter, the ap-pellee, the Assessor, filed an exception of prematurity. After a hearing, the district court granted the Assessor’s exception of prematurity and dismissed EOP’s suit. However, the appellate court reversed the trial court and found that “[pjursuant to La. R.S. 47:1998 A(l)(a), the delay for applying for judicial review in this matter began to run on May 30, 2000, the date on which the notice of the final decision of the tax commission was mailed” and that EOP “had thirty days from that date to file a petition for judicial review .... absent a timely filed request for rehearing.”
In its well-reasoned opinion, the court in EOP determined the following in regard to when a decision of the tax commission is final:
Pursuant to the provisions of La. R.S. 49:959 A and La. R.S. 47:1998 A(l)(a), the ten-day rehearing period and the thirty-day [ 7appeal period overlap. The thirty-day period begins to run from the date of entry of the final decision, not from the date of expiration of the time for rehearing. There is apparently no mechanism for an entry of the final decision after the period for requesting a rehearing has expired without such a request having been filed. If a party requests a rehearing timely, then the period for filing an appeal runs from the date of the decision on the rehearing. If, as the Assessor suggests, the law required the rehearing delays to pass before a decision may be final, a party wishing to appeal would in effect have only twenty days to file for judicial review, without allowing any time between the entry of the decision and its receipt by the taxpayer. On the other hand, the taxpayer would have thirty days after a ruling on rehearing to file such a petition. There can be no reason for the difference. We are unable to discern a legislative intent to limit a party’s right to apply for judicial review in that manner.
We agree with this reasoning and find that the thirty-day period begins to run from the date of entry of the final decision, not from the date of expiration of the time for rehearing.[3] In this case, the tax commission decision was signed on June 6, 2000. Thus, pursuant to La. R.S. 47:1998 A(l)(a), the time for applying for judicial review in this matter began to run on June 6, 2000. A taxpayer or the bona fide representative of an affected tax recipient body had thirty days from that date to file *334 a petition for judicial review of the tax commission’s decision absent a timely filed request for rehearing. No request for rehearing was filed. Accordingly, any petition for judicial review filed on July 17, 2000, is untimely and thus has prescribed.
For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

TOBIAS, J., concurs.

. Prior to April 17, 2000, La. R.S. 47:1998(A)(1) stated: "Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the action of the tax commission .... shall have the right to institute suit within thirty days of the decision of the tax commission."

. The Assessor argues in her reply brief that the APA does not apply to appeals from the Louisiana Tax Commission. However, La. R.S. 49:967A provides that the provisions of the APA apply to the tax commission unless otherwise specifically provided by law. Current tax commission Rule 3103Q provides that a party may apply for rehearing as long as the request is made in accordance with the APA. Pursuant to the APA, La. R.S. 49:959A provides that a decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry. Thus, the APA now applies to applications for rehearing before the tax commission. See *333 Also EOP New Orleans, L.L.C. v. Louisiana Tax Com'n, 2001-1452 (La.App. 1 Cir. 9/28/01), 809 So.2d 387.

. Entry has been defined as a ministerial act of recording a statement of a final decision reached by a court or a quasi-court in the matter before it. EOP New Orleans, L.L.C. v. Louisiana Tax Com'n, 2001-1452, p. 3 (La.App. 1 Cir. 9/28/01), 809 So.2d 387, 389, citing City of Lake Charles v. Lake Charles Fire Fighters Association, 183 So.2d 451, 453 (La.App. 3 Cir. 1966).