J¿FITZSIMMONS, J.
Pan American Life Insurance Company, Inc. (Pan American), the owner of property located within the First Municipal District of Orleans Parish, appeals from a decision of the 19th Judicial District Court. We reverse the district court judgment and reinstate the decision of the Louisiana Tax Commission (Tax Commission) for the reasons hereinafter established.
Patricia Johnson[2], the Assessor for the First Municipal District (Assessor), filed a petition in the 19th Judicial District Court . seeking judicial review of a decision by the Tax Commission. The Tax Commission had reversed a finding by the Assessor and Board of Review of the fair market value of Pan American’s property improvements for ad valorem tax purposes for 1999.[3] The district court judgment reversed the Tax Commission’s decision find *170 ing it “arbitrary, capricious and unsupported by the facts and law.” The fair market value established by the Assessor and Orleans Parish Board of Review was reinstated.
Pan American asserts several assignments of error on appeal. This court finds merit in the first assignment; therefore, we limit discussion and the resulting judgment to that issue. The first assignment of error on behalf of Pan American states the following:
The trial court erred in failing to grant the Appellant[’]s Peremptory Exception of No Right or Cause of Action since neither the City of New Orleans, an affected tax recipient, nor any other tax recipient having standing to petition for redetermination under La. R.S. 47:1998A, having joined the Assessor’s Petition, and the state not being a tax recipient represented by the Assessor under La. R.S. 47: 1998C, the state’s millage set aside having been repealed long ago, by Act 3 of the Special Session 1972[.]
Louisiana Revised Statute 47:1998A(l)(a) provides for judicial review of Tax Commission decisions with the following pertinent directive:
Any taxpayer or bona fide representa-, tive of an affected tax-recipient body in the state dissatisfie'd with the final determination of the Louisiana Tax Commission under the provisions of R.S. 47: 1989 shall have the right to institute suit within thirty days of the entry of [3any final decision of the Louisiana Tax Commission .... (emphasis supplied.)
The Assessor asserted standing in her petition pursuant to Section C of La. R.S. 47:1998. That statutory provision states in relevant part:' “The assessor shall bring suit, when necessary to protect the interest of the state, and shall also have the right of appeal .... ” (emphasis supplied.)
The peremptory exception pleading the objection of no right of action questions whether a plaintiff falls within the particular class to which the law grants a remedy for the particular harm alleged. La. C.C.P. art. 927A(5); Horrell v. Horrell, 99-1093, pp. 4-5 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, 367, writ denied, 2001-2546 (La.12/7/01), 803 So.2d 971. Whether a plaintiff has a right of action is a question of law; therefore, it is reviewed de novo on appeal. Id., 99-1093 at 5, 808 So.2d at 368. To prevail, the defendant must demonstrate that the plaintiff does not possess an interest in the subject matter of the suit or legal capacity to proceed with the suit. Talbot v. C & C Millworks, Inc., 97-1489, pp. 3-4 (La.App. 1 Cir. 6/29/98), 715 So.2d 153, 155.
The issue at hand involves taxation for the interest of the City of New Orleans. There has been absolutely no indicia of the existence of any interest of the state to be protected in this tax case. Therefore, La. R.S. 47:1998C is inapplicable. Moreover, we agree with the opinion expressed by the Louisiana Fourth Circuit Court of Appeal that a New Orleans t'ax assessor who has “filed suit in her official capacity only and not individually, is neither a taxpayer nor a representative of the tax recipient body. The representatives of the tax recipient body include the Director of Finance of the City of New Orleans, the Mayor and the City.” Johnson v. Louisiana Tax Commission, 2001-0964, p. 3 (La. App. 4 Cir. 1/16/2002), 807 So.2d 329, 331, writ denied, 2002-0445 (La.3/8/02), 811 So.2d 887. There was no appeal of the Tax Commission’s decision by any representative on behalf of the City of New Orleans. Accordingly, Pan American’s assertion that the Assessor in the instant case possessed no right of action to file the petition in the district court is valid.
*171 The decision rendered by the district court overruling the peremptory exception raising the objection of nor right of action is reversed. Judgment is rendered in favor of |4the appellants and against the appellee sustaining the peremptory exception and dismissing the petition of the appellee with prejudice. It is further ordered that the decision of the Louisiana Tax Commission is hereby reinstated. All costs are assessed to- the First Municipal District of Orleans Parish in the sum of $2,417.15.
REVERSED AND RENDERED.

. An Order has been entered by this court granting the substitution of Darren Mire, current Assessor for the First Municipal District, Parish of Orleans, in place of Patricia A. Johnson in these proceedings.

.The Assessor and Board of Review had assessed the subject property with a fair market value of $35,750,700.00. The Tax Commission deemed the fair market value of the subject property to be $24,894,213.00.