11 Chief Judge WILLIAM H. BYRNES III.
Defendant-appellant, Panacon, a Louisiana partnership, appeals the judgment of the Civil District Court for the Parish of Orleans in favor of the plaintiff, Patricia Johnson in her capacity of Assessor for the First Municipal District of Orleans Parish. We reverse.
This case arose out of an assessment by the plaintiff on the building and improvements known’as the “Hotel Intercontinental,” in the amount of $35,854,600 for ad valorem tax purposes for the year 2001. The assessment for the land under the hotel is not at issue in this appeal. The taxpayer-defendant-appellant protested the assessment without success to the Board of Review, but was subsequently successful in having the Louisiana Tax Commission reduce the assessment to $28,511,400 after a hearing on the merits, an amount in excess of the amount recommended by the Tax Commission’s staff appraiser.
The Assessor, Patricia Johnson, then filed a petition ONLY in her official capacity for judicial review pursuant to LSA-R.S. 47:1998. Neither the City of New Orleans nor any other tax recipient or representative of any tax recipient joined in the Assessor’s petition.
| j,The defendant filed exceptions of no right and no cause of action which were denied. The district court reinstated the Assessor’s $35,750,700 assessment, finding that the Tax Commission’s decision “arbitrarily and capriciously” rejected the Assessor’s fair market value determination. Defendant’s motion for a new trial was denied.
The defendant property owner’s first assignment of error, the failure of the trial court to grant its exception of no right or cause of action, is dispositive of all others. In this assignment of error the defendant contends that the Assessor has no standing in her official capacity to petition the district court to review the Tax Commission decision, citing the recent decisions of this Court to that effect in Johnson v. *1152 Louisiana Tax Commission, 2001-1445 (La.App. 4 Cir. 1/16/02), 807 So.2d 356, writ denied 2002-0446 (La.3/8/02), 811 So.2d 885; and Johnson v. Louisiana Tax Commission, 2001-0964 (La.App. 4 Cir. 1/16/02), 807 So.2d 329, writ denied 2002-0445 (La.3/8/02), 811 So.2d 887.
In those two recent decisions this Court interpreted LSA-R.S. 47:1998 to mean that:
According to the statute, only a “taxpayer” or “representative of an affected tax recipient body” has the right to petition for judicial review. However, the Assessor, because she has filed suit in her official capacity only and not individually, is neither a taxpayer nor a representative of the tax recipient body. The representatives of the tax recipient body include the Director of Finance of the City of New Orleans, the Mayor and the City. Accordingly, we agree with the defendant that the City, not the defendant in her official capacity, is the proper party to file a petition for judicial review from the Louisiana Tax Commission.

Id.

l.qThe reference in LSA-R.S. 47:1998C to the assessor’s right to bring suit on behalf of the state is an obsolete reference harking back to the days when the state assessed an ad valorem tax. It does not confer upon the assessor the right to proceed on behalf of the parish or the city. The reference in LSA-R.S. 47:1998C to the assessor’s “right to appeal” refers back to the first clause in that paragraph, i.e., it means that the assessor shall have the right to appeal decisions rendered in the suits brought by the assessor on behalf of the state and that both the original suit and any appeal thereof shall be without cost to the state. Because the right to bring suit on behalf of the state is obsolete, per force the right to appeal decisions in such suits is equally obsolete. There is no merit in the Assessor’s argument that the “right to appeal” mentioned in the second clause of LSA-R.S. 47:1998C creates a separate right of appeal independent of the right to bring suit mentioned in the first clause of the paragraph, i.e., it does not confer upon the Assessor in her official capacity the right to file suit in the district court for review of a decision of the Louisiana Tax Commission. In spite of the fact that a strong argument can be made in favor of affording to the Assessor the right to file petitions in the district court such as the one that is the subject of this appeal, we find no legislative intent to that effect. We further find that this is not one of those matters where we can assume that the legislature intended to permit the Assessor to do what it did not expressly forbid.
For the foregoing reasons, this Court hereby reverses the judgment of the trial court and reinstates the decision of the Tax Commission.

REVERSED; DECISION OF THE LOUISIANA TAX COMMISSION REINSTATED.

TOBIAS, J., concurs in'the result and assigns reason.