] .TERRI F. LOVE, Judge.
Plaintiff, Assessor Erroll ,G. Williams, appeals the trial court’s judgment granting defendant’s, Belle of Orleans, L.L.C., peremptory exception of no right of action. Assessor Erroll G. Williams filed a petition *672 in the district court seeking review of the Louisiana Tax Commission’s decision to reduce the 2002 tax year valuation of the riverboat gambling casino vessel, Bally’s Casino owned and operated by Belle of Orleans, L.L.C. Defendant filed a peremptory exception of no right of action asserting that Assessor Erroll G. Williams had no right to sue in his official capacity as Assessor. The trial court granted the exception and entered judgment on May 13, 2003.

FACTS AND PROCEDURAL HISTORY

Assessor for the Third Municipal District of the Parish of Orleans Erroll G. Williams, (“Assessor Williams”), asserts that in accordance with the Louisiana statutes and the Rules and Regulations of the Louisiana Tax Commission, the fair market value of Belle of Orleans, L.L.C. d/b/a Bally’s Casino (“Belle of Orleans”) for ad valorem tax purposes for the 2002 tax year was assessed at $21,149,630.00. Belle of Orleans appealed its valuation to the Orleans Parish Board of Review, who affirmed Assessor Williams’ 2002 tax valuation. It was from this affirmation pthat Belle of Orleans appealed to the Louisiana Tax Commission (“the Tax Commission”). On August 7, 2002, the Tax Commission reduced the 2002 tax year valuation of the Bally’s Casino, owned and operated by the Belle of Orleans, from $21,149,630.00 to $6,450,000.00. The City of New Orleans refunded to Belle of Orleans the taxes it had previously paid under protest attributable to the Assessor’s valuation, in excess of the amount found by the Tax Commission.
On September 4, 2002, Assessor Williams, seeking review of the Tax Commission’s decision, filed a Petition for Appeal and Judicial Review in district court naming Belle of Orleans and the Tax Commission as defendants. Assessor Williams avers that the Petition for Appeal and Judicial Review filed in district court was filed in his capacities as both (1) Assessor for the Third Municipal District for the Parish of Orleans and (2) the bona fide representative of the Board of Assessors of the Parish of Orleans, an affected tax-recipient body. Defendant, Belle of Orleans, filed a peremptory exception of no right of action asserting that pursuant to La. R.S. 47:1998, plaintiff, Assessor Williams, was not specially authorized to file this action as required for a representative party by Louisiana Code of Civil Procedure article 694.
On April 16, 2003 the City of New Orleans (“the City”) filed a Petition of Intervention, in which it aligned itself with Assessor Williams in both his capacities and requested the same relief sought by Assessor Williams against Belle of Orleans and the Tax Commission.
On April 25, 2003, after arguments, the trial court granted the peremptory exception filed by Belle of Orleans. Although providing no written reasons for judgment, the record reflects that the trial court informed the parties in open court that her decision to grant the exception of no right of action was “based on the | .Johnson decision.” The trial court’s judgment granting the defendant’s peremptory exception of no right of action was entered on May 13, 2003.
It is from this judgment that plaintiff, Assessor Williams, appeals. On appeal, defendant, the Tax Commission, adopts the position of Assessor Williams insofar as the authority of the tax assessor to seek judicial relief. However, with respect to the plaintiffs assignment of error regarding the constitutionality of the assessment, the Tax Commission adopts the position of Belle of Orleans.

LEGAL ANALYSIS

The Louisiana Constitution (La. Const.) article VII § 24 provides that in New Or *673 leans, there shall be seven assessors who shall compose the Board of Assessors for Orleans Parish. Pursuant to La. R.S. 47:1837, the Tax Commission is charged with ensuring that there is statewide uniformity in the assessment of property taxes. La. R.S. 47:1989 B provides that the Tax Commission shall consider the appeal of any taxpayer, bona fide representative of an affected tax-recipient body, or assessor dissatisfied with the determination of a local board of review. In addition, La. R.S. 47:1989 D(l) provides that such decisions rendered by the Tax Commission become final unless appealed to the district court within thirty days.
In the case sub juckice, Assessor Williams asserts four assignments of errors:
1. The trial court erred as a matter of law in presumably finding that Assessor Williams had no right of action in his official capacity as Assessor to institute the proceeding below;
2. The trial court erred as a matter of law in finding that Assessor Williams had no right of action in his capacity as the “bona fide representative of an affected taxjrecipient4 body,” the Board of Assessors, to institute the proceedings below;
3. The trial court erred as a matter of law in failing to sustain Assessor Williams’ contention that the Tax Commission’s legislatively authorized review of any Assessor or Board of Review’s determination of property values for purposes of ad valorem taxes was unconstitutional;
4. The trial court erred in holding that the statutory procedure specified in. La. R.S. 47:1998 permitting appeals to -the Tax Commission and appeals from decisions of the Tax Commission to the district courts is not unconstitutional for failure to provide notice.

STANDARD OF REVIEW

Appellate review of a question of law involves a determination of whether the lower court’s interpretive decision is legally correct. Johnson v. Louisiana Tax Commission and Panacon, 2001-0964 (La. App. 4 Cir. 1/16/02), 807 So.2d 329 citing Sander v. Brousseau, 2000-0098 (La.App. 4 Cir. 10/4/00), 772 So.2d 709,711.

First Assignment of Error

Plaintiffs allege that that trial court erred as a matter of law in finding that Assessor Williams had no right of action in his official capacity as Assessor to institute the proceedings in district court seeking judicial review. La. R.S. 47:1998 provides for Judicial Review of Tax Commission decisions. La. R.S. 47:1998 C provides:
| BThe assessor shall bring suit, when necessary to protect the interest of the state, and shall also have the right of appeal and such proceedings shall be without cost to him or the state.
In applying the statutes that the legislature has enacted and has declined to repeal, the Assessor has the statutory authority to bring suit in which the protection of the interest of the state is required. A peremptory exception of no right of action can be brought at any stage of the proceeding in the trial court prior to a submission of the case for a decision or for the first time in the appellate court if pleaded prior to a submission of the case for a decision if proof of the ground of the exception appears of record and even may be noticed by either the trial or appellate court of its own motion. Lambert v. Donald G. Lambert Const Co., 370 So.2d 1254, 1255 (La.1979). In challenging Assessor Williams’ standing to seek judicial review of the Tax Commission’s *674 decision, we acknowledge that a peremptory exception of no right of action is an appropriate procedural pleading. Greenbriar Nursing Home, Inc. v. Pilley, 93-2059, p. 9 (La.5/23/94), 637 So.2d 429, 434. In the case sub judice, Assessor Williams, filed a petition for appeal and judicial review of the action of the Tax Commission. When filing his petition for appeal and judicial review, Assessor Williams filed in his official capacity as Assessor, pursuant to La. R.S. 47:1998 C, challenging the ruling in Johnson v. Louisiana Tax Commission (“Johnson III”), 2002-0930 (La.App. 4 Cir. 9/25/02), 828 So.2d 1150.
Citing the majority opinion in Johnson III, defendant Belle of Orleans avers that the assessor does not have the right of action under La. R.S. 47:1998 C to seek review of a Tax Commission decision because there is no state interest in the amount of the assessment to protect. Further, Belle of Orleans relies on the decision rendered in Johnson v. Pan American Life Insurance Company, 2002-03486 (La.App. 1 Cir. 6/21/02), 822 So.2d 168. The First Circuit opined that the City, and not the tax assessor, was the proper party to bring action for judicial review of a decision by the Tax Commission, and thus the assessor possessed no right of action. Based on the three recent decisions of this Court in the Johnson cases and a recent decision of the First Circuit, Belle of Orleans avers that the assessor is not the proper party to file a petition seeking judicial review of the Tax Commission’s final decision.
In January 2002, in Johnson v. Louisiana Tax Commission, 2001-0964 (La.App. 4 Cir. 1/16/02), 807 So.2d 329 {Johnson I) this court affirmed the trial court in holding that the petition for judicial review filed by Assessor Johnson was untimely and prescribed. The issue presented to this Court was whether the trial court erred as a matter of law in dismissing as prescribed a petition for judicial review; however, this Court also addressed the defendant’s exception of no right of action filed in the trial court. In relying on 47:1998 A(l)(a), this Court reasoned that “because she [the Assessor] has filed suit in her official capacity only and not individually, [she] is neither a taxpayer nor a representative of the tax recipient body,” the Assessor in her official capacity, is not the proper party to file a petition for judicial review from the Louisiana Tax Commission. Id. at p. 3, 807 So.2d at 331. This Court further opined that the representative of the tax recipient body “include the Director of Finance of the City of New Orleans, the Mayor and the City.” Id. at p. 3, 807 So.2d at 331.
In February 2002, in Johnson v. New Orleans Charities Building Corporation, 2000-2772 (La.App. 1 Cir. 2/15/02), 812 So.2d 741, (Johnson II), the First Circuit reversed the trial court in holding that the New Orleans Building Corporation (“NOBC”) was properly granted a partial ad valorem tax exemption in |7accordance with La. Const. Art VII § 21(B). The issue before the First Circuit was whether a nonprofit corporation that leases portions of a single property for commercial purposes, unrelated to the corporation’s exempt pin-poses, is entitled to a partial exemption from ad valorem taxation for the non-commercially leased portion of that singularly taxed property. NOBC appealed Assessor Johnson’s assessment to the Orleans Parish Board of Review. The Board of Review agreed and ruled in favor of the taxpayer, NOBC. Assessor Johnson appealing to the Tax Commission, who affirmed, filed a petition in the Nineteenth Judicial District Court which rendered an affirmation of the decision of the Board of Review. Acknowledging the rulings in Johnson v. Louisiana Tax Commission, *675 2001-0964 (La.App. 4 Cir. 1/16/02), 807 So2d 356 and Johnson I, the First Circuit declined to follow the rulings of this court. The First Circuit only addressed the issue of partial exemption from ad valorem taxes for nonprofit corporations that leased portions of a single property for commercial purposes.
However, in September 2002, in Johnson v. Louisiana Tax Commission 2002-0930 (La.App. 4 Cir. 9/25/02), 828 So.2d 1150, (,Johnson III), this court reversed the trial court’s holding that Assessor Johnson had standing in her official capacity to petition the trial court to review the Tax Commission decision. The issue addressed by this court was whether the Assessor has standing in her official capacity to petition the district court to review the Tax Commission decision. This Court held that the City, not the Assessor in her official capacity, is the proper party to file a petition for judicial review from the Louisiana Tax Commission. The majority reasoned that “the reference in LSA-R.S. 47:1998 C ... is an obsolete reference.” However, in contrast to our holding in Johnson III, we find that Assessor Williams is conferred the right to institute suit on behalf of the state, | ¿pursuant to 47:1998 C. Furthermore, although the state no longer collects ad valorem taxes, it is evident that ad valorem taxes in the city of New Orleans affect state public bodies as well. Therefore, insofar as state bodies are affected by the assessor’s valuation, pursuant to La. R.S. 47:1998 C, we find that the assessor has standing to bring suit on behalf of the state, to protect that interest. Accordingly, we overrule our holding in Johnson v. La. Tax Commission, 2002-0930 (La.App. 4 Cir. 9/25/02), 828 So.2d 1150.[1] The Tax Commission is a state agency and is responsible for reviewing ad valorem tax valuations determined by any Assessor or Board of Review in the State. Reading La. R.S. 47:1989 and 47:1998 in pari mate-ria the assessor has the right not only to institute suit in those cases where it is necessary to protect the interest of the state, but also has the right of appeal when it is necessary to protect the interest of the state. Moreover, since the assessor may bring suit to protect the state’s interest under the express provisions of La. R.S.47:1998 C, we find that Assessor Williams, in his official capacity as assessor, instituted suit to protect the state’s interest. We, therefore, find that the trial court erred in granting defendant’s peremptory exception of no right of action.

Second Assignment ofEtror

Assessor Williams further avers that the trial court erred as a matter of law in finding that Assessor Williams had no right of action in his capacity as the “bona fide representative of an affected tax-recipient body,” the Board of Assessors, to institute the proceedings in district court. La. R.S. 47:1998 A(l)(a) provides that “any tax payer or bona fide representative of an affected tax-recipient body ... shall have the right to institute suit.” Defendant avers that Assessor | ¡Williams attempted to circumvent this holding in asserting that he also filed suit pursuant to 47:1998 A(l)(a) as the bona fide representative of the Board of Assessors, an affected tax-recipient body.
In Johnson I, this Court held that because Assessor Johnson filed suit in her *676 official capacity only and not individually, the assessor is considered neither a taxpayer nor a representative of an affected tax-recipient body. Furthermore, this Court provided that representatives of the tax recipient body include the Director of Finance of the City of New Orleans, the Mayor, and the City. By utilizing the word “include” this Court issued a non-inclusive list of those persons likely to serve as a bona fide representative of a tax-recipient body. However, defendant’s assertions that the majority interpreted the legislature’s intent as providing that the City is the only bona fide representative of an affected tax recipient body is erroneous. In no way did this Court intend to imply that it was the legislature’s intent to confer upon the City the responsibility of serving as the sole representative of tax-levying bodies in matters relating to ad valorem taxation. The record establishes that the Board of Assessors acknowledges that its president, who is duly elected by the Board, is the bona fide representative of the Board. Further, the record establishes that the president of the Board of Assessors for the year 2002 was Assessor Erroll G. Williams.
Defendant, Belle of Orleans, avers that notice received by the assessor, in his capacity as assessor, constitutes notice to the Board, of Assessors. Based on this argument, it is established that defendant concedes that the assessor is a bona fide representative of the affected tax-recipient body, the Board of Assessors. The linrecord establishes that Assessor Williams filed suit not only in his official capacity as Assessor, but also as the bona fide representative of the Board of Assessors. Therefore, in accordance with La. R.S. 47:1998 A(l)(a), we find that the trial court erred as a matter of law in granting defendant’s exception of no right of action challenging Assessor Williams’ standing as a bona fide representative of the Board of Assessors, an affected tax-recipient body.

Third Assignment of Error

Assessor Williams also asserts that the trial court erred as a matter of law in failing to sustain Assessor Williams’ contention that the Tax Commission’s legislatively authorized review of any assessor or board of review’s determination of property values for purposes of ad valorem taxes was unconstitutional. Discussion of the aforementioned assignments of errors pre-termits our discussion as to the constitutionality of the Tax Commission’s authority to review the property values assessed by an assessor or any board of review’s determination for the purposes of dd valorem taxes.

Fourth Assignment of Error

Assessor Williams’ assertion that the trial court erred in. holding that the statutory procedure specified in La. R.S. 47:1998, permitting appeals to the Tax Commission and appeals from decisions of the Tax Commission to the district court, is unconstitutional for failure to provide notice. Assessor Williams avers that only the assessor of the district in which the subject property is located and the City of New Orleans receive notice of the Tax Commission’s decisions. Assessor Williams further asserts that despite the provision of La. R.S.. 47:1998 A(l)(a), no affected tax-recipient body other than the City receives notice of'the decision. However, defendants Belle of Orleans and the Tax Commission aver that notice ^received by the assessor, in his capacity as assessor, constitutes notice, to the Board of - Assessors, the affected tax-recipient body. The Fourteenth Amendment to the United States Constitution, in addition to Louisiana Constitution Article I § 2, provide that the essential elements of due process are notice and opportunity to respond. DeLarge v. Department of Fi *677 nance, 94-1684, p. 7 (La.App. 4 Cir. 3/27/96), 672 So.2d 1025, 1030. Affected tax-recipient bodies have a right to procedural review of administrative decisions that cannot be denied by statute. The record establishes that La. R.S. 47:1998, which provides for judicial review of Tax Commission decisions, does not violate the constitutional due process afforded taxpayers or affected tax-recipient bodies. We therefore find this assignment of error without merit.

CONCLUSION

For the foregoing reasons we reverse the trial court in granting defendant’s, Belle of Orleans, peremptory exception of no right of action. We affirm the trial court in finding that Louisiana Revised Statute Title 47 constitutional and remand to the trial court for further proceedings.
REVERSED IN PART; AFFIRMED IN PART; REMANDED

. The Fourth Circuit Court of Appeal, by vote en banc, overrules our holding in Johnson v. Louisiana Tax Commission, 2002-0930 (La. App. 4 Cir. 9/25/02), 828 So.2d 1150. The rights conferred to the assessor to institute suit on behalf of the state pursuant to La. R.S. 47:1998 C is not obsolete and therefore, the right to appeal such decisions is also conferred upon the assessor.