LEON A. CANNIZZARO, JR., Judge.
[i>The plaintiff, David Cameron (“Mr. Cameron”), a pro se litigant, appeals the judgment of the Office of Workers’ Compensation (“OWC”), sustaining an exception of prescription in favor of his employer, Delta Plumbing (“Delta”) and its insurer, Hartford Insurance Company (“Hartford”).[1] For the reasons set forth below, we affirm.
*345 STATEMENT OF FACTS AND PROCEDURAL HISTORY
On April 5, 2000, Mr. Cameron filed a disputed claim for compensation alleging that he sustained an injury to his back while working as a plumber’s assistant for Delta. The claim form indicates that the accident occurred on April 19, 1999. The matter proceeded to trial before OWC Judge Clara F. Toombs on July 10, 2002. Before judgment could be rendered, Judge Toombs stepped down and her successor, OWC Judge Sylvia T. Steib, rendered judgment on January 3, 2003, after a review of the record. The OWC judge found that Mr. Cameron | ¡¡sustained a work-related injury on March 19, 1999, and was entitled to recover temporary total disability benefits of unspecified duration commencing March 19, 1999, plus penalties for his employer’s arbitrary and capricious actions. It was further ordered that a contradictory hearing be conducted at a later time to determine the duration of Mr. Cameron’s disability. The issue of prescription was not raised at that time in spite of the fact that the trial court determined that the accident occurred on March 19, 1999 (not April 19, 1999), and the disputed claim for compensation was received by the OWC on April 5, 2000.[2]
Delta and Hartford appealed the judgment of the OWC arguing that Mr. Cameron did not meet the requisite burden of proof establishing his entitlement to compensation benefits. In an opinion dated March 17, 2004, this Court affirmed the judgment of the OWC as to the finding of a work-related injury, and remanded the matter to the OWC for a further determination regarding the extent of Mr. Cameron’s disability, medical expenses, and other related issues. Cameron v. Delta Plumbing, 03-0985 (La.App. 4 Cir. 3/17/04), 870 So.2d 1067.
On August 23, 2005, before the case was taken up by the trial court on remand, Delta and Hartford filed their exception of prescription arguing that the medical records submitted by Mr. Cameron, as well as Mr. Cameron’s own statements, showed his alleged work-related accident occurred on March 19, 1999, yet his disputed claim for compensation was filed on April 5, 2000. The exception was heard by the OWC on May 17, 2006. Judgment was rendered on June 20, 2006, granting the exception of prescription, and dismissing Mr. Cameron’s claim with prejudice.
|4On March 6, 2007, more than eight months after the judgment was rendered, Mr. Cameron filed a motion and order for appeal. The order was signed by the OWC judge on March 12, 2007.[3] Mr. Cameron filed an appellant brief with this Court, but did not assert specific assignments of error.
STANDARD OF REVIEW
It is well established that factual findings in workers’ compensation cases are subject to the manifest error/ clearly wrong standard of review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d *346 551, 556. In applying the manifest error/ clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Freeman v. Poulan/Weed Eater, 93-1530, p. 5 (La.1/14/94), 630 So.2d 733, 737-38; Stobart v. State, Through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993).
EXCEPTION OF PRESCRIPTION
In the exception of prescription filed August 23, 2005 (more than five years after the commencement of this action), Delta and Hartford argued that they learned through discovery that Mr. Cameron was actually injured on March 19, 1999, not April 19, 1999, as stated on his claim form. Despite this, there is evidence in the record dating back to 2002, which identifies March 19, 1999, as the accident date. A copy of the disputed claim for compensation, dated April 3, 2000, |5and received by the OWC on April 5, 2000, is also contained in the trial court record. Nevertheless, it is well established that the exception of prescription is a peremptory exception that may be pled at any stage of the proceeding, even on appeal, prior to a final judgment, but must be brought by a formal pleading. La. C.C.P. art. 2163; Fair Grounds Corp. v. ADT Sec. Sys., 97-2375, p. 15 (La.App. 4 Cir. 9/23/98), 719 So.2d 1110, 1118. In the present matter, Delta and Hartford filed a formal pleading in the trial court setting forth the exception of prescription. Moreover, as the merits of Mr. Cameron’s case have not been fully litigated, the exception of prescription was filed prior to submission of the case for decision by the trial court. Consequently, the exception of prescription was pled timely, and we now address the merits of the exception.
As previously stated, La. R.S. 23:1209 A provides for a one-year prescriptive period in workers’ compensation cases. In the present case, at the hearing on the exception of prescription, a copy of the East Jefferson Hospital emergency room report was introduced into evidence. The document clearly shows that Mr. Cameron was treated at the emergency room for the alleged work-related accident on March 19, 1999. In his testimony before the OWC, Mr. Cameron stated that he was injured on the job on March 19, 1999, and was taken immediately to the East Jefferson Hospital emergency room. Finally, in a letter to the OWC, dated July 16, 2002, Mr. Cameron indicated that the work related accident occurred on March 19, 1999. Nothing in the record indicates that the incident occurred on April 19, 1999, as stated on the disputed claim for compensation. Based on the evidence presented, the OWC correctly determined that Mr. Cameron’s filing of the disputed claim for compensation on April 5, 2000, was untimely.
| «DECREE
Accordingly, for the reasons stated above, we affirm the judgment of the OWC, sustaining the exception of prescription in favor of Delta and Hartford, and dismissing Mr. Cameron’s claim with prejudice.
AFFIRMED.

. Hartford filed a third party demand against CNA Insurance Companies. It is alleged that CNA, the workers', compensation insurer pri- or to Hartford, had a policy in effect on the date of Mr. Cameron's alleged accident. The status of the workers’ compensation insurer is not at issue in this appeal. CNA has filed an appellee brief in this action, reiterating the arguments of Delta and Hartford.

. La. R.S. 23:1209 A provides that all workers' compensation claims must be filed within one year of the accident.

. Although this appeal appears to be untimely, we are unable to ascertain from the record when Mr. Cameron was notified of the trial court’s ruling. On June 20, 2006, the notice of signing of judgment was issued to Mr. Cameron’s previous attorney, Mr. James S. Scott, in spite of the fact that he officially withdrew from the case on March 20, 2006. The record does not reflect that a notice of judgment was sent to Mr. Cameron personally. Furthermore, it is not evident from the record if Mr. Cameron received notice of the judgment from his previous attorney. Thus, we will consider the merits of his case.