| | | |
|---|---|---|
| **NOHC, INC.** | * | **NO. 2022-CA-0248** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ERROLL G. WILLIAMS,** | * | |
| **ASSESSOR, PARISH OF** | | **FOURTH CIRCUIT** |
| **ORLEANS; NORMAN WHITE,** | * | |
| **DIRECTOR OF FINANCE FOR** | | **STATE OF LOUISIANA** |
| **THE CITY OF NEW** | * * * * * * * | |
| **ORLEANS; DEPARTMENT OF** | | |
| **FINANCE, BUREAU OF THE** | | |
| **TREASURY, CITY OF NEW** | | |
| **ORLEANS; CITY OF NEW** | | |
| **ORLEANS AND THE** | | |
| **LOUISIANA TAX** | | |
| **COMMISSION** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-02373, DIVISION "F-14"
Honorable Jennifer M. Medley, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

## ON APPLICATION FOR REHEARING

(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge Karen K. Herman)

Scott R. Huete
ELKINS, PLC
201 St. Charles Avenue, Suite 4400
New Orleans, LA 70170

      COUNSEL FOR PLAINTIFF/APPELLEE, NOHC, INC.

John J. Weiler
Reese F. Williamson
WEILER & REES, L.L.C.
909 Poydras Street, Suite 1250
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLANT, ERROLL G. WILLIAMS, ASSESSOR, PARISH OF ORLEANS

      **REHEARING GRANTED; EXCEPTION OF PRESCRIPTION**
                                      **GRANTED**
                               **March 22, 2023**

DNA

TFL

KKH

We grant rehearing in this tax matter to consider the propriety of our original Opinion in light of the arguments raised by Appellant, Erroll G. Williams, Assessor, Parish of Orleans ("Assessor Williams"), in his Application for Rehearing. Upon reconsideration, we find merit in Assessor Williams' contentions that this Court erred in denying his Exception of Prescription in our December 6, 2022 Opinion. Therefore, for the following reasons, we grant Assessor Williams' Exception of Prescription; we pretermit discussion of Assessor Williams' Exception of No Cause of Action, which is rendered moot by our granting of his Exception of Prescription; we again deny the Motion to Strike Assessor Williams' Reply Brief filed by Appellee, NOHC, Inc. ("NOHC"), for the reasons outlined in our December 6, 2022 Opinion; and, in light of our resolution of Assessor Williams' Exception of Prescription, we pretermit discussion of the trial court's rulings on the Motions for Summary Judgment filed by Assessor Williams and NOHC, respectively.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

NOHC is an Internal Revenue Code ("IRC") Section 501(c)(3) nonprofit corporation that has received tax exemptions for federal and state income tax

1

purposes. It owns and operates the Healing Center, which is located at 2372 St. Claude Avenue in New Orleans. A for-profit corporation known as St. Claude/St. Roch Revitalization, LLC ("SC/SRR"), formerly owned the Healing Center building and used tax credits under the New Market Tax Credit (NMTC) Program, which is designed for low-income areas, to renovate the building and open the Healing Center. In 2018, SC/SRR donated the Healing Center to NOHC, thereby transferring SC/SRR's outstanding debt incurred in the renovation of the building. At the Healing Center, NOHC provides space for various community activities; and in 2020 NOHC also leased space to various commercial entities, such as a restaurant, a barber shop, a food co-op, a yoga studio, a dance studio, an engineering firm, a radio station, and a bar.

## *NOHC'S REQUEST FOR AN EXEMPTION*

In August 2019, NOHC obtained a Section 501(c)(3) designation from the Internal Revenue Service ("IRS"), exempting it from the payment of federal income taxes. NOHC then applied to the Orleans Parish Assessor's Office for an exemption from the payment of its 2020 ad valorem taxes under La. Const. art. VII, § 21(B)(1)(a)(i) (1974) and listed the "Address of Property to be Exempted" as 2372 St. Claude Avenue, i.e., the Healing Center. Assessor Williams denied this exemption request on December 16, 2019, and he sent a tax bill, which indicated that NOHC's taxes would become delinquent on February 1, 2020. On February 12, 2020, NOHC paid its taxes under protest. Additionally, on March 10, 2020, NOHC filed suit in Orleans Civil District Court, seeking reimbursement of the amount of taxes it paid in protest; and Assessor Williams filed his answer on July 15, 2020.

*MOTIONS FOR SUMMARY JUDGMENT*

Thereafter, on October 12, 2021, NOHC filed a Motion for Summary Judgment, wherein NOHC argued that Assessor Williams incorrectly rejected its exemption request because "the Healing Center is a 501(c)(3) non-profit corporation and, as a result, all property owned by the Healing Center is exempt from ad valorem property [taxation]." Assessor Williams responded with his own Motion for Summary Judgment on January 21, 2022, wherein he argued that the Healing Center was not entitled to the exemption "because NOHC (the entity) is not organized or operated exclusively for an exempt purpose." Further, Assessor Williams asserted that the Healing Center did not qualify for the exemption because it "is leased to tenants for a wide variety of commercial uses unrelated to NOHC's exempt purpose" and listed these uses as including a fitness center, a sandwich store, a flower shop, a barber shop, a bar, a veterinarian office, an engineering firm, a yoga studio, a grocery store, a bank, a law office, and a radio station.

*MARCH 8, 2022 TRIAL COURT JUDGMENT*

On February 23, 2022, the trial court held a hearing on the Motions for Summary Judgment. At the close of the hearing, the trial court denied Assessor Williams' Motion for Summary Judgment and granted NOHC's Motion for Summary Judgment. Subsequently, the trial court signed a written judgment on March 8, 2022, which provided, in pertinent part:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Assessor['s] Motion be and hereby is **DENIED**.
>
> **IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that . . . NOHC['s] Motion be and hereby is **GRANTED**, finding that the property owned by NOHC and located at 237[2] St. Claude Avenue, New Orleans, Louisiana, 70117 ("Property") is

3

exempt from ad valorem property taxes under Article VII, Section 21 of the Louisiana Constitution of 1974.

Assessor Williams' timely appeal of the judgment followed.

## PLEADINGS FILED WITH THIS COURT

After Assessor Williams filed his appeal with this Court, the parties filed the following relevant pleadings with this Court.

### Assessor Williams' Exceptions of No Cause of Action and Prescription

On May 27, 2022, Assessor Williams filed Peremptory Exceptions of No Cause of Action and Prescription. In urging his Exception of No Cause of Action, Assessor Williams contended that "[u]nder Louisiana law, to maintain a cause of action under La. R.S. § 47:2134(C),[1] NOHC must have timely paid its disputed . . . Orleans Parish ad valorem taxes under protest by January 31, 2020." He asserted that NOHC's payment of its taxes on the Healing Center under protest on February 12, 2022, was not timely, thus rendering NOHC without a cause of action. In arguing his Exception of Prescription, Assessor Williams again contended that NOHC failed to pay its taxes under protest timely, thereby prescribing any claims that NOHC may have had. Assessor Williams asserted that ad valorem taxes in Orleans Parish are due on January 31 and become delinquent on February 1 of the year in which they are due per La. R.S. 47:1997(B).[2] In addition, he contended that La. R.S. 47:2134(C)(1) provides that the challenger to the denial of a request

---

[1] Louisiana Revised Statutes 47:2134 pertains to "[s]uits to recover taxes paid under protest."

[2] Louisiana Revised Statutes 47:1997(B) provides, in pertinent part, that "[t]he collection of taxes shall begin on the first day of January of the year 1972, and for each year thereafter, for which such taxes are levied. Beginning with the year 1972, the entire amount of such taxes shall become delinquent on the first day of February . . . ."

for an exemption must timely pay the disputed portion of the assessed taxes under protest.[3]

NOHC opposed the Exceptions and argued, in pertinent part, that it had detrimentally relied on the City's extension of the deadline in 2020 to pay taxes to February 14, 2020. Further, NOHC argued that because Assessor Williams does not collect the taxes for the City of New Orleans, he had no standing to raise the exceptions.

### *THIS COURT'S DECEMBER 6, 2022 OPINION*

On December 6, 2022, we issued our original Opinion. In relevant part, we denied Assessor Williams' Exceptions of Prescription and No Cause of Action; denied NOHC's Motion to Strike Assessor Williams' Reply Brief; affirmed the trial court's denial of Assessor Williams' Motion for Summary Judgment; and reversed the trial court's grant of NOHC's Motion for Summary Judgment. In light of Assessor Williams' Application for Rehearing, we review our decisions on Assessor Williams' Exceptions.

### DISCUSSION

### *REHEARING*

On December 16, 2022, Assessor Williams filed an Application for Rehearing. Therein, Assessor Williams contended, in pertinent part, that this Court should have granted his Exceptions of Prescription and No Cause of Action. Regarding this Court's application of the doctrine of detrimental reliance in our decision to deny Assessor Williams' Exception of Prescription, he argued that

---

[3] Louisiana Revised Statutes 47:2134(C)(1) states that "[a] person resisting the payment of an amount of ad valorem tax due or the enforcement of a provision of the ad valorem tax law and thereby intending to maintain a legality challenge shall timely pay the disputed amount due under protest . . . ."

5

detrimental reliance cannot apply to a representation of law. Further, Assessor Williams stated that an equitable doctrine, such as detrimental reliance, does not apply if the application leads to a result contrary to positive law. He stated that the payment under protest deadline in this case is set by La. R.S. 47:1997(B) and La. R.S. 47:2134(C) and that the City's purported extension of that deadline constituted a representation of law, which was in direct conflict with those statutes. Therefore, Assessor Williams argued that the doctrine of detrimental reliance could not apply to this situation and that his Exception of Prescription should have been granted. Additionally, Assessor Williams contended that the standard for establishing detrimental reliance is higher if a governmental entity makes the alleged representation; and he asserted that this higher standard had not been met in the matter *sub judice*.

Turning to his Exception of No Cause of Action, Assessor Williams observed that a court tries an exception of no cause of action on the face of the petition alone. He stated that NOHC's petition expressly stated that NOHC did not pay its taxes under protest until February 12, 2020, i.e., after the deadline for doing so. Accordingly, Assessor Williams argued that this Court should have granted his Exception of No Cause of Action.

On February 15, 2023, we ordered NOHC to file an Opposition to Assessor Williams' Application for Rehearing. In its Opposition, NOHC countered that this Court had properly denied Assessor Williams' Exception of Prescription by applying the equitable doctrine of detrimental reliance. NOHC argued that even if the City's purported extension of the deadline constituted a representation of law, detrimental reliance can apply to a representation of law in "exceptional circumstances," such as the circumstances presented here. Also, NOHC argued that

6

Assessor Williams' contention that detrimental reliance does not apply if the application leads to a result contrary to positive law refers only to factual scenarios in which the law imposes a form or writing requirement that is not present in this case. Finally, NOHC concluded that because this Court determined that this matter was not prescribed based on the doctrine of detrimental reliance, then Assessor Williams' "exception of no cause of action must likewise fall as a result."

Although we found merit to notions of equity and application of the doctrine of detrimental reliance in our December 6, 2022 Opinion, for the following reasons, we grant Assessor Williams' Application for Rehearing, and we conclude that the doctrine of detrimental reliance cannot apply so as to defeat Assessor Williams' Exception of Prescription.

### *STANDING*

In opposing Assessor Williams' Exceptions, NOHC contended that because Assessor Williams does not collect the taxes for the City of New Orleans, he has no standing to raise the Exceptions. However, this Court has previously held that the assessor is a proper party to bring suit for the collection of taxes. *See generally Williams v. Belle of Orleans, LLC*, 2003-1203 (La. App. 4 Cir. 12/1/04), 890 So.2d 670. Thus, we find that Assessor Williams is a necessary party to any suit for review of a denial of an exemption of ad valorem tax payments. Because Assessor Williams was a necessary party to the suit, he had standing to file his Exceptions of Prescription and No Cause of Action.

### *EXCEPTION OF PRESCRIPTION*

A party may raise an exception of prescription on appeal if the case has not yet been submitted for decision, and if there is proof in the record to determine its merits; if not, the court may remand the issue for determination. *See* La. C.C.P. art.

7

2163; *Walker v. AMID/Metro P'ship, LLC*, 2012-0285, p. 5 (La. App. 4 Cir 1/16/13), 109 So.3d 35, 39 (citing La. C.C.P. art. 2163; *Cameron v. Delta Plumbing*, 2007-0672, p. 5 (La. App. 4 Cir. 2/13/08), 976 So.2d 343, 346). An exception of prescription is designed to stop the prosecution of stale claims. *See Prevo v. State ex rel. Dep't of Pub. Safety & Corr. Div. of Prob. & Parole*, 2015-0823, p. 4 (La. 11/20/15), 187 So.3d 395, 398 (citing *Wells v. Zadeck*, 2011-1232, p. 7 (La. 3/30/12), 89 So.3d 1145, 1149). The party raising the exception bears the burden of proof, unless it is evident on the face of the proceedings that the claim has prescribed, at which point the burden shifts to the plaintiff to show that the matter has not prescribed. *Id.* (citing *Campo v. Correa*, 2001-2707, p. 7 (La. 6/21/02), 828 So.2d 502, 508; *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La. 1993)). "The peremptory exception of prescription is a 'procedural device by which a defendant may obtain dismissal of the action because it is time-barred.'" *Med. Review Panel Proceedings for Claim of Rhoda Timpton v. Touro Infirmary*, 2020-0522, pp. 4-5 (La. App. 4 Cir. 2/10/21), 313 So.3d 1022, 1027 (quoting *Felix v. Safeway Ins. Co.*, 2015-0701, p. 4 (La. App. 4 Cir. 12/16/15), 183 So. 3d 627, 630).

In the instant case, a review of the record shows that there is no dispute that NOHC paid its taxes under protest on February 12, 2020, which is past the time provided in La. R.S. 47:1997(B). We reconsider the parties' arguments as to whether this constitutes timely payment under the circumstances presented herein. In particular, we review whether the doctrine of detrimental reliance can be applied to the facts of this matter.

Louisiana Civil Code Article 1967 codifies the doctrine of detrimental reliance and provides, in pertinent part:

A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

"The doctrine of detrimental reliance is 'designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence.'" *Lassalle v. Napoleon*, 2022-0460, p. 5 (La. App. 4 Cir. 12/20/22), ___ So.3d ___, ___, 2022 WL 17817975, at *3 (quoting *Babkow v. Morris Bart, P.L.C.*, 1998-0256, pp. 7-8 (La. App. 4 Cir. 12/16/98), 726 So.2d 423, 427). "A party claiming detrimental reliance must prove three elements by a preponderance of the evidence: '(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance.'" *Id.* at p. 6, ___ So.3d at ___, 2022 WL 17817975, at *3 (quoting *Suire v. Lafayette City-Parish Consol. Gov't*, 2004-1459, p. 31 (La. 4/12/05), 907 So.2d 37, 59). The "representation" referred to in the first element that a party must prove is a representation of fact, not of law. *Miller v. Miller*, 35,934, p. 7 (La. App. 2 Cir. 5/8/02), 817 So.2d 1166, 1171 (citing *Morris v. Friedman*, 94-2808, p. 9 (La. 11/27/95), 663 So.2d 19 at 26; *Barnett v. Bd. of Trustees*, 2000-1041, p. 7 (La. App. 1 Cir. 6/22/01), 809 So.2d 184, 189) (holding that "[t]he doctrine [of detrimental reliance] applies only to misrepresentation of fact"). *See also Eicher v. La. State Police, Riverboat Gaming Enf't Div.*, 1997-0121, p. 7 (La. App. 1 Cir. 2/20/98), 710 So.2d 799, 804 (citing *Barnett*, 2000-1041, p. 7, 809 So.2d at 189; *State v. Mitchell*, 337 So.2d 1186, 1188 (La. 1976)). Further, the doctrine of detrimental reliance is not favored in Louisiana law, and a party cannot avail itself of detrimental reliance if the party does not prove all the elements of the doctrine.

9

*Luther v. IOM Co., LLC*, 2013-0353, p. 11 (La. 10/15/13), 130 So.3d 817, 825 (citing *Wilkinson v. Wilkinson*, 323 So.2d 120, 126 (La. 1975)).

Additionally, in *Eicher*, the Louisiana First Circuit Court of Appeal explained that a party seeking to invoke the doctrine of detrimental reliance against a government entity must meet a higher burden of proof. In particular, the party must establish "(1) unequivocal advice from an unusually authoritative source; (2) reasonable reliance on that advice by an individual; (3) extreme harm resulting from that reliance; and (4) gross injustice to the individual in the absence of judicial estoppel." *Eicher*, 1997-0121, p. 7, 710 So.2d at 804 (citing *Gulf States Utils. Co. v. La. Pub. Serv. Comm'n*, 1992-1185 (La. 3/17/94), 633 So.2d 1258, 1266 (Dennis, J., concurring)).

The situation before this Court does not allow for the application of the doctrine of detrimental reliance. The misunderstanding in this case concerns the application of the laws pertaining to the deadline to file taxes under protest, La. R.S. 47:2134 and La. R.S. 47:1997. Louisiana Revised Statutes 47:2134(B)(1) establishes that "[a] taxpayer challenging the correctness of an assessment . . . shall timely pay the disputed amount of tax due under protest . . . ." Regarding the timely payment of taxes, La. R.S. 47:1997(B) provides that "taxes shall become delinquent on the first day of February . . . ." In 2020, the City extended the deadline to pay taxes to February 14. To the extent the City misrepresented that this also extended the deadline to pay taxes under protest, as NOHC contends, this constituted a misrepresentation of law, specifically a misrepresentation of the deadline as established by La. R.S. 472134(B)(1) and La. R.S. 47:1997(B). Moreover, NOHC cannot meet the heightened burden necessary to apply the doctrine of detrimental reliance to a government entity. The first element of this

heightened burden calls for NOHC to establish "unequivocal advice." While the City extended the deadline to pay taxes in the year 2020, NOHC has not offered evidence to establish that the City announced that this extension also applied to taxes paid under protest.

As we mentioned previously, there is no dispute that NOHC paid its taxes under protest on February 12, 2020, which is past the time provided in La. R.S. 47:1997(B). Thus, NOHC bore the burden of proving that its claim had not prescribed. Though NOHC contends that the doctrine of detrimental reliance applies so as to thwart the exception of prescription, for the foregoing reasons we do not find merit to this contention. Therefore, we conclude that Assessor Williams' Exception of Prescription should be granted and NOHC's petition should be dismissed.

## *EXCEPTION OF NO CAUSE OF ACTION*

Having granted Assessor Williams' Exception of Prescription, which results in dismissal of NOHC's Petition, this renders Assessor Williams' Exception of No Cause of Action moot. Accordingly, we pretermit discussion of Assessor Williams' Exception of No Cause of Action.

## *ASSESSOR WILLIAMS' AND NOHC'S MOTIONS FOR SUMMARY JUDGMENT*

In our December 6, 2022 Opinion, we reviewed the trial court's rulings on Assessor Williams' and NOHC's Motions for Summary Judgment. However, having concluded that Assessor Williams' Exception of Prescription must be sustained, which results in dismissal of NOHC's suit, we pretermit discussion of the Motions for Summary Judgment.

**DECREE**

For the foregoing reasons, we grant Assessor Williams' Application for Rehearing; grant Assessor Williams' Exception of Prescription; pretermit discussion of Assessor Williams' Exception of No Cause of Action, which is rendered moot by our granting of Assessor Williams' Exception of Prescription; again deny NOHC's Motion to Strike Assessor Williams' Reply Brief; and pretermit discussion of the trial court's rulings on Assessor Williams' and NOHC's respective Motions for Summary Judgment.

**REHEARING GRANTED; EXCEPTION OF PRESCRIPTION GRANTED**